JOHN C. BOWERS, APPELLANT, *v.* GEORGE WALKER EDWARDS, RESPONDENT.

No. 4605

October 14, 1963

385 P.2d 783

*Procter R. Hug, Jr.,* of Reno, and *G. H. Van Harvey,* of San Francisco, California, for Appellant.

*Bradley & Drendel,* and *Leo P. Bergin,* of Reno, for Respondent.

## OPINION

By the Court, McNamee, J.:

Bowers entered into a contract to purchase from Edwards the Broiler Pit Cafe, in Reno, for $10,000. He paid Edwards $7,000 in cash and gave his promissory note in the sum of $3,000 payable in six months

for the balance. The sale involved the stock in trade, fixtures, good will, and the assignment of Edwards' lease. Bowers took possession and operated the restaurant until the note became due. In response to the demand for payment Bowers surrendered the premises to Edwards including the stock in trade and fixtures and notified Edwards he rescinded the contract. After several weeks Edwards sold the business including the fixtures and stock in trade to a third person for approximately $2,500.

This is an action by Bowers to recover the $7,000 payment and to cancel the $3,000 note. He alleges that Edwards, for the purpose of inducing him to make the purchase, fraudulently represented that the business was profitable, that the net profits realized during the year immediately preceding were in excess of $5,000, that he would assign to Bowers his lease and would secure the written consent of the lessor to the assignment and obtain from the lessor a 5-year extension of the lease.

The complaint further alleges that said representations were false, and Bowers did not learn such fact until Edwards demanded payment of the $3,000 note.

Edwards' answer denies the allegations of fraud and counterclaims for the $3,000 represented by the note.

The case was tried before Judge Maestretti without a jury. Bowers testified that Edwards made the representations as alleged which induced him to purchase the business. Edwards denied having made any such representations.

On May 23, 1958, after the case had been tried and submitted, Judge Maestretti signed the following minute order: "Ordered the prayer of plaintiff's complaint be denied; that defendant have his costs of suit."

On April 28, 1959 the findings of fact and conclusions of law signed by Judge Maestretti were filed and consist solely of the following:

## "FINDINGS OF FACT
### I.

"That the Plaintiff, JOHN C. BOWERS, had engaged in the restaurant business most of his life, and came to Reno, Nevada from Elko, Nevada some time before

June 29, 1953; Plaintiff inquired from various food purveyors in the area as to a restaurant business that might be for sale; pursuant to these inquiries, he was referred to the restaurant owned by Defendant, GEORGE WALKER EDWARDS, at 243 East Fourth Street, Reno, Nevada, and known as THE BROILER PIT; the Plaintiff surveyed the restaurant, observing the manner and type as well as the manner and type of equipment, and subsequently, on June 29, 1953, entered into an agreement for the purchase of THE BROILER PIT from the Defendant, and executed a memorandum sales agreement in connection therewith; contemporaneously with the execution of this sales agreement, Plaintiff executed a promissory note in the sum of Three Thousand Dollars ($3,000.00), payable to the Defendant, for the unpaid portion of the purchase price; Plaintiff operated THE BROILER PIT for a period of six (6) months, after which time he abandoned the premises and brought suit against the Defendant for fraud and misrepresentation in connection with the sale.

### II.

"That Plaintiff made no request to examine the books and records of THE BROILER PIT and made no complaint to the Defendant concerning the volume of business in THE BROILER PIT until demand was made upon him for payment of the Three Thousand Dollar ($3,000.00) promissory note by him to the Defendant.

### "CONCLUSIONS OF LAW

"1) That the essential elements of fraud and misrepresentation necessary to sustain Plaintiff's claim against Defendant were not proved by the Plaintiff.

"2) That Defendant is entitled to the sum of Three Thousand Dollars ($3,000.00), pursuant to his counterclaim and the promissory note made by Plaintiff to Defendant on July 1, 1953."

On April 28, 1959 the judgment signed by Judge Maestretti was also filed decreeing that appellant recover nothing from the defendant and that the defendant have judgment on his counterclaim in the sum of $3,000. No costs were allowed to either party.

On May 6, 1959 appellant filed a motion entitled "MOTION TO ALTER JUDGMENT," asking that the conclusions of law be amended by deleting therefrom: "That Defendant is entitled to the sum of Three Thousand Dollars ($3,000.00), pursuant to his counterclaim and the promissory note made by plaintiff to defendant on July 1, 1953." The motion was made upon the ground that the decision of the court as shown by said minute order made no mention of the award of $3,000 based on respondent's counterclaim.

On July 1, 1959 a minute order signed by Judge Maestretti reveals a denial of the motion. On March 3, 1961 respondent filed a motion entitled "MOTION TO DISMISS MOTION TO ALTER JUDGMENT." It does not appear why respondent should make such motion when motion to alter judgment had already been denied. Nevertheless, this latter motion by respondent was argued and the motion to alter judgment was again argued, and on October 1, 1962 Judge Barrett, after reviewing Judge Maestretti's minute order, findings, conclusions and judgment filed his order denying the motion to alter judgment.

Appeal is from the judgment entered April 28, 1959 and from the order of October 1, 1962 denying the motion to alter judgment.

The following errors are specified:

"1. The trial Court erred in finding that appellant had no cause of action for fraud."

In view of the conflict in the evidence with respect to whether the alleged representations had been made this assignment has no merit.

While the form of the findings is not to be commended, the findings read in conjunction with the first conclusion of law are legally sufficient to establish that the trial judge determined that appellant had failed to substantiate his allegations of fraud and misrepresentation. Appellant made no objection to the form or substance of these findings in the trial court. His objection made pursuant to NRCP 52(b) concerned solely the allowance to respondent of the $3,000.

"2. The trial Court erred in finding that appellant

made no request to examine the books and records of respondent's business, and that it was appellant's duty to examine said books and records."

In this connection the findings do not state that it was appellant's duty to examine said books and records. The finding in this regard merely states that plaintiff made no request to examine the records, and the evidence supports such a finding.

The third and fourth specifications of error can be treated together. Appellant maintains that the trial court erred in entering judgment in favor of respondent on his counterclaim and in denying appellant's motion to alter the judgment in that respect.

Although it is true that the judgment in the amount of the counterclaim was not mentioned by the court in its oral decision, where there is a conflict between a minute order and a judgment, the latter prevails. Mortimer v. Pacific States Savings & Loan Co., 62 Nev. 147, 145 P.2d 733.

Under NRCP 7(a) a reply to a counterclaim is a required responsive pleading. Because of his failure to reply, appellant admitted the allegations of the counterclaim. NRCP 8(d).

The lower court determined that no fraud had been proved, and that the attempted rescission by the buyer was wrongful. The seller, respondent herein, was therefore entitled to retain the $7,000 paid to him by the buyer and was further entitled to recover the balance of the purchase price represented by the $3,000 note, the note being a part of the transaction. Subsection 1 of NRS 96.720. Cf. L. P. Courshon Co. v. Brewer, 215 Iowa 885, 245 N.W. 354.

Under NRS 96.620, the unpaid seller of goods has a lien on the goods or right to retain them for the price while he is in possession of them and he also has the right of resale as provided by NRS 96.690.

Although appellant did not ask that the amount received by respondent on the resale be a setoff against the $3,000 allowed under respondent's counterclaim, the evidence discloses that respondent has been unjustly enriched to some extent at the expense of appellant. NRS 96.730. The extent of such unjust enrichment cannot be ascertained by this court because it is not disclosed in the record.[1] We feel that justice requires that this cause be remanded to the lower court for a new trial limited solely to the extent of respondent's unjust enrichment, if any, resulting from his sale to the third party, appellant to be allowed to file a reply to the counterclaim when the extent of the setoff is determined.

The judgment is affirmed. The order denying the motion to alter judgment is reversed. The cause is remanded for a limited new trial in accordance with this opinion. No costs are allowed.

BADT, C. J., concurs.

WINES, D. J., concurring (in part) :

The critical issue of this action was disposed of by the trial court in this fashion—"That the essential elements of fraud and misrepresentation necessary to sustain plaintiff's claim against the defendant were not proved by the plaintiff." The record would belie this; proof was made, and we are left to conjecture whether the court intended saying that the proof was insufficient, or that it was not credible. This linguistic puzzle cannot be solved by reference to the transcript as that would involve weighing the evidence, nor are we in any manner assisted by the Findings of Fact. It is implicit however, in the trial court's decision, the Findings of Fact and Conclusions of Law, that the court reached the conclusion that the plaintiff failed to make out his case. It is not crucial to the appellant whether his evidence on this issue was not convincing or not credible. The trial

---

[1]It appears from the record that the property was resold for approximately $2,500, but that the seller had expenses connected with the resale which to an undisclosed extent would reduce the appellant's setoff.

court's conviction is supported by the record. Form may cavil with substance but to no profit. On some later day this court may rule again that a failure to find on an issue is not harmless error. Robison v. Bate, 78 Nev. 501, 376 P.2d 763.

Our discord is in this aspect. The trial court found, "* * * Plaintiff operated the Broiler Pit for a period of six (6) months, after which time he abandoned the premises and brought suit against the defendant for fraud and misrepresentation in connection with the sale." After reading the record we describe the event in this language—"Bowers took possession and operated the restaurant until the note became due. In response to the demand for payment Bowers surrendered the premises to Edwards, including the stock in trade and fixtures, and notified Edwards he rescinded the contract. After several weeks Edwards sold the business, including the fixtures and stock in trade, to a third person for approximately $2,500."

It is my impression that neither counsel would challenge the latter version of those events. If that is correct then we are confronted with a different problem. I do not deem it quibbling when I asked to be informed as to Edwards' intent in repossessing the business before holding that he did so with the intent to advance his remedy under the Sales Act. Several remedies were available to him, not all equally expedient, but all equally lawful. NRS 52.070(33). The record is not devoid of proof of the seller's purpose.

At pages 181 (commencing at line 23) and 182 (line 1) of the transcript this colloquy between Mr. Edwards and counsel for the appellant is recorded:

"Q. Now, when you received the notice of rescission, what did you do upon receiving the notice of rescission?

"A. Well, my attorney notified me of the notice of rescission.

"Q. And then what did you do?

"A. I don't recall that I did anything. He handled it from then on.

"Q. Do you know whether the rescission was accepted?

"A. I presume it was, I don't know."

Except for this the record is barren of any testimony on what I deem a decisive issue.

That ado is made over trifles has occurred to the writer. And as a practical matter the relief afforded the seller pursuant to the Sales Act would not differ materially from that governed by the rules of mitigation of damages. But if the seller did accede, and his motives for so doing are unimportant, to the rescission the consequences are different. And so I persist.

I would agree that the action should be remanded for a limited new trial. I would not confine the issue on the retrial to the extent of the respondent's unjust enrichment. I would remit the action for a new trial on the issue herein set out and proceed thence to a determination of the equities between the parties.

Thompson, J., being disqualified, the Governor commissioned Honorable Taylor H. Wines, Judge of the Fourth Judicial District Court, to sit in his place.