429 P.2d 555 (1967)
Herbert L. EIKELBERGER and Margaret H. Eikelberger, Husband and Wife as Joint Tenants, Appellants,
v.
STATE of Nevada, on relation of its DEPARTMENT OF HIGHWAYS, Respondent.
No. 5275.
Supreme Court of Nevada.
June 23, 1967.
*556 A.D. Jensen, Reno, for Appellants.
Harvey Dickerson, Atty. Gen., William Raymond, and John A. Flangas, Deputy Attys. Gen., Carson City, for respondent.

OPINION
THOMPSON, Chief Justice:
The property owner appeals from a final judgment in a condemnation case contending that any of four assigned errors requires *557 remand for another trial. The claimed errors: first, a ruling which precluded a certified public accountant from expressing his opinion on the market value of property; second, allowing the jury to view the premises; third, forbidding rebuttal testimony; fourth, the court's refusal to give certain instructions. In the context of this case it is our judgment that none of the assigned errors has merit. Accordingly, we affirm. We consider the assignments in sequence.
1. The property involved embraces six lots in Block N, Sparks, Nevada, and is located about three blocks west of the Nugget Motel. The state condemned it for highway purposes. The owner had constructed a 12 unit trailer park on the property, and a cement block building which housed an awning, blind and drapery business. The trailer park units were normally filled and rented. A certified public accountant was called as an expert witness for the property owner and asked to give his opinion on market value based solely upon a capitalization of the net income realized from the property. He had estimated a net rental income for the cement block building, and, as the certified public accountant for the owner, knew the net rental income from the trailer park. He combined those figures, and in line with our opinion in State v. Shaddock, 75 Nev. 392, 344 P.2d 191 (1959), was allowed to state what the value of an asset producing such an income would be when capitalized at various rates.[1] He was not, however, allowed to express his opinion on the market value of the property, since foundation testimony was not offered to establish his expertise. The court ruled correctly.
Market value is ascertained by the income approach by the mathematical process of dividing the estimated annual income from the highest use of the property by a capitalization rate appropriate to the type of investment risk involved. A slight variation in the capitalization rate profoundly affects the value to be attributed to the property.[2] Accordingly, unless the components of the formula, the annual income and the capitalization rate, are determined with reasonable certainty, the resulting value is speculative, and of little use to the trier of the fact.
In the case at hand, the witness knew the annual net rental income from the trailer park and estimated the annual net rental income from the cement block building. However, the record is silent as to his knowledge of the appropriate capitalization rate to be applied to this type of investment risk. Instead, he was questioned about the "average rate of return on investments in Washoe County" to which he replied, "6%." That rate of return may be considerably different from the rate of return to be expected from the rental of trailer park spaces and a cement block building.[3] Absent foundation information about the relevant capitalization rate the witness should not be permitted to express an opinion on market value by use of the income approach to value.
The property owner suggests that his expert witness was shown to possess greater testimonial qualifications than an owner, and that if the latter is a competent witness to market value, so was his witness. The suggestion does not persuade us. The certified public accountant was called as an expert witness to give his opinion on market value based solely upon the capitalization of *558 income technique. Essential foundation information was not supplied for that opinion. No attempt was made to qualify him on any other basis. He was not the owner. We do not hold that a certified public accountant may never be a competent witness to express an expert opinion on market value by use of the income approach. We hold only that here, the witness was not shown to possess essential information about the relevant capitalization rate for the investment risk involved.[4] He may have been competent, but the questioning did not reveal the foundation to establish competency.
2. The court in its discretion may allow the jury to view the condemned property. NRS 16.100. The view is not evidence, but may enable the jury to more fully appreciate the evidence received during trial. Love v. Mt. Oddie United Min. Co., 43 Nev. 61, 181 P. 133, 184 P. 921 (1919). A view was permitted in this case over the objection of the property owner. He now contends that the court abused its discretion in allowing a view since the area surrounding the condemned property had drastically changed by the removal of structures and buildings which were there when this suit was started, and at the time of the view about one half of the trailers in the park had been removed. We think that the court ruled within the limits of proper discretion. The property in issue had not changed in general appearance. Witnesses fully explained the change in the appearance of the surrounding area, and that the park was normally occupied to capacity. Large aerial photographs of the property in issue and the denuded surrounding area were later received in evidence without objection, and amply explained.[5]
3. The record on appeal is deficient with regard to the claim that error was committed when the trial court precluded rebuttal testimony. It shows only that the property owner presented his case in chief, the state then presented its case, and the evidence was then closed. Rebuttal witnesses were not called to the stand, nor did counsel make an offer of proof. NRCP 43(c); Charleston Hill National Mines, Inc. v. Clough, 79 Nev. 182, 380 P.2d 458 (1963); Alamo Airways Inc. v. Benum, 78 Nev. 384, 374 P.2d 684 (1962). The state then moved for a directed verdict which motion was denied. Thereafter, the transcript reveals a dialogue between court and counsel from which one might infer that something previously had occurred regarding rebuttal, but the record does not disclose what that "something" was. In these circumstances we cannot review this claim of error.
4. The property owner complains of the court's refusal to give four jury instructions. Each pertains to the income approach in evaluating property. The court did instruct the jury that it could consider fair rental income in deciding fair market value. Perhaps the refused instructions could have been given without committing error. However, it does not follow that the failure to give them was error. Indeed, if the subject matter is adequately covered by a given instruction, it is preferable that the court refuse additional instructions relating to the same subject though expressed in different words. Duran v. Mueller, 79 Nev. 453, 386 P.2d 733 (1963). We think that the refused instructions were merely embellishments which the court could properly refuse.
Affirmed.
COLLINS and ZENOFF, JJ., concur.
NOTES
[1] We have doubt about the propriety of the testimony allowed in State v. Shaddock, supra, since the appropriate capitalization rate to be used in the income approach to market value depends upon the nature of the investment risk. It seems to us that some evidence on that point may be necessary before a witness may capitalize income. However, that question is not presented for decision here.
[2] For example: $10,000 annual net income capitalized at 1 percent is $1,000,000; at 2 percent, $500,000; at 4 percent, $250,000; at 5 percent, $200,000; at 10 percent, $100,000.
[3] E.g., investors may require a 12 percent return on buildings, though satisfied with 4 percent on stocks.
[4] For worthwhile reading see: 1 Orgel, Valuation Under Eminent Domain, p. 697 et seq. (2d ed. 1953); Comment, 12 Stan.L.Rev. 766 (1960).
[5] Cases concerning a jury view of the premises in a condemnation case are collected at 77 A.L.R.2d 548.