MRS. FERN BOWMAN, APPELLANT, v. CARLOS TISNADO, A MINOR BY AND THROUGH HIS GUARDIAN AD LITEM, PAUL V. CARELLI, III, RESPONDENT.

No. 5492

June 27, 1968                                   442 P.2d 899

*Cromer and Barker,* of Las Vegas, for Appellant.

*Michael L. Hines* and *Henry R. Gordon,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent recovered judgment from the court below for personal injuries suffered while riding in a vehicle that collided with appellant's vehicle. The primary issue on appeal is whether there can be liability for negligence when there is no finding of fact that there is a causal connection between the negligence and the injury.

The trial court made specific findings of two statutory violations, failure to signal intention to turn during the last 100 feet before the turn (as required by NRS 484.154(2)), and failure to signal a sudden decrease of speed (as required by NRS 484.154(3)). The statement of causal connection, however, is contained in Paragraph III of the Conclusions of Law. Appellant contends that this is reversible error under the requirements of NRCP 52(a), and the language of Mahan v. Hafen, 76 Nev. 220, 351 P.2d 617 (1960). Rule 52(a) provides: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *." Mahan distinguishes negligence per se from proximate causation, holding the latter to be a factual matter that must be proved even though the former is presumed as a matter of law. From this appellant argues the "finding" of proximate cause must necessarily be contained specifically within the findings of fact, and that the so-called "conclusion of law" to the same effect is insufficient.

This court is unimpressed by such a technical distinction in form, where the substance of the trial judge's holding is clearly ascertainable. He found, on the one hand, specific acts of

422

appellant that constituted negligence and, on the other hand, that these acts proximately caused injury to the respondent. Without deciding whether proximate cause is always a finding of fact that must either be so labeled or interpreted, it is held that in this instance there was compliance with NRCP 52(a).

Appellant would also have the court determine the issue of whether a lefthand turn across a double yellow line embracing a white broken line is negligence as a matter of law. Inasmuch as the judgment is supported by sufficient findings of other negligence, we decline to consider this issue.

Appellant's final contention is that reversal is required because of the trial court's refusal to allow introduction of an adverse witness' deposition when that witness was present to testify. Whether this was error or not, it was nonprejudicial in that the witness was subjected to extensive cross-examination at trial, and on the same matter covered in the deposition. It cannot therefore be said that the refusal to admit was inconsistent with substantial justice so as to require reversal. NRCP 61.

The judgment is affirmed.