EL CORTEZ HOTEL, INC., A NEVADA CORPORATION, APPELLANT, *v*. SALLYE COBURN, RESPONDENT.

No. 6234

May 13, 1971                                484 P.2d 1089

*Cromer and Barker,* of Las Vegas, for Appellant.

*Michael L. Hines* and *Henry R. Gordon,* of Las Vegas, for Respondent.

210

**OPINION**

By the Court, BATJER, J.:

The respondent entered the appellant hotel on June 10, 1966, to participate in a social security number contest. The desk where the contest was being conducted was located near the entrance of the hotel next to the door to the Cortez room where a fashion show was being held. A sign stood between the contest desk and the Cortez room entrance publicizing the fashion show. The respondent entered the participant's line in front of the contest desk and when she reached the front of the line she stooped over to present her social security card to the employee conducting the contest. At that moment, the sign advertising the fashion show fell over and struck her on the head directly behind the ear. Both parties stipulated that at the

time of the incident, the respondent was a business invitee of the appellant hotel.

The respondent testified that the same sign had been used on prior occasions to publicize the fashion show and that she had observed it placed in the same location. There is conflicting testimony as to the exact construction of the sign. L. R. Coburn, husband of the respondent, testified that the sign leaned against the wall upon a two-legged stand; while John D. Gaughn, treasurer of the appellant hotel, testified that the sign stood upon a tripod. The exact reason for the fall of the sign is also in dispute. There is some testimony that two small boys leaving the fashion show pushed against the accordion door entrance of the Cortez room and caused the fall.

The respondent was apparently dazed by the blow from the sign and sat down upon some nearby steps. She refused to be taken to a hospital or otherwise assisted, and approximately an hour later her husband arrived and took her to the office of Dr. Tom Wortham, a chiropractor. She later visited another chiropractor and an osteopath.

On May 16, 1968, she filed suit against the appellant, seeking damages for the injuries which she allegedly suffered as a result of being struck by the sign. The case was tried before a jury, which arrived at a verdict for the respondent.

During the course of the trial, the appellant sought to have admitted into evidence an accident report made and signed by the respondent. The trial court sustained the respondent's objection to its admissibility. The report, although admissible, was innocuous. The respondent merely reported that she was "banged on the head and back of the ear." This information was before the jury anyway. The error committed by the trial court in refusing to admit the report into evidence was harmless. Now, for the first time on this appeal, the appellant contends that the report should have been received as an admission against interest. The appellant's argument that the report was receivable in evidence as an admission against interest was not raised below. Although the question is briefed and argued here, it is not properly before this court. A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969); Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969), and cases cited therein.

During closing argument, counsel for the appellant stated: "[I]t is our feeling from the instructions of the law as applied

to the facts in this case that you can reach no other decision but that the hotel was not liable as a matter of law under the facts of this case."

After the close of counsel's argument, the court made the following retort to this portion of the closing argument: "Ladies and gentlemen of the jury, ordinarily, the court does not comment upon arguments of counsel. However, Mr. Barker, inadvertently, stated something that I feel incumbent upon me to mention, that he stated in his argument that, as a matter of law, you must find for the defendant. This is not so. Yours is a factual determination as to whether or not the defendant hotel was negligent in the way, manner and place in which it maintained the sign in question."

Out of the presence of the jury, appellant's counsel objected to the statement of the court contending that it prejudicially reflected upon his entire closing argument and that it was an incomplete statement of the law because it did not refer to proximate cause. There is no contention that the statement was incorrect, only that it was incomplete. Appellant's counsel, because of the nature of his argument, invited the admonition by the trial court.

NRCP 51[1] recognizes that the closing argument of counsel may require the giving of further instructions. In Johnson v. Brown, 75 Nev. 437, 345 P.2d 754 (1959), this court said: "It [the court] should not hesitate to limit counsel whenever it feels that the rights of the jury to determine for itself what would be fair and reasonable . . . are being invaded, or to give such further admonition as it deems necessary."

The appellant's contention that the trial court's statement was incomplete is not persuasive. The trial court had previously instructed on proximate cause, and the jury had also been instructed that they were to consider all of the instructions together. Southern Pacific Co. v. Watkins, 83 Nev. 471, 435 P.2d 498 (1967), and cases cited therein; Eikelberger v. State ex rel. Dep't Hwys., 83 Nev. 306, 429 P.2d 555 (1967).

The appellant further contends that the trial court erred

---

[1]NRCP 51 provides in part: "At the close of the evidence or at such earlier time as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their argument to the jury, but the court shall instruct the jury after the arguments are completed; provided, if either party demands it the court must settle and give the instructions to the jury before the argument begins, but this shall not prevent the giving of further instructions which may become necessary by reason of the argument."

when it (1) admitted into evidence the statement for professional services submitted by Dr. Ralph J. Litten and Dr. Tom Wortham without testimony from the doctors to show causal relationship between the injuries treated and the accident complained of; (2) called a lay witness to testify as to her observations of the physical condition of the respondent; (3) refused to allow appellant's counsel to propound a leading question to an expert witness; (4) refused to give an instruction on assumption of the risk; and (5) refused to grant the appellant's motion for a directed verdict pursuant to NRCP 41(b).

We have examined the record, and find no error relative to those contentions. Even if error had been present, the appellant has not revealed any particular prejudice other than an adverse verdict. It has failed to show that the errors complained of would have so substantially affected its rights that it could be reasonably assumed that if it were not for the alleged errors, a different result might reasonably have been expected. Peterson v. Silver Peak, 37 Nev. 117, 140 Pac. 519 (1914); Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968). There is nothing in this record that would render the judgment inconsistent with substantial justice. NRCP 61,[2] which forbids a reversal except for prejudicial error, requires affirmance. Boyd v. Pernicano, 79 Nev. 356, 385 P.2d 342 (1963); Serpa v. Porter, 80 Nev. 60, 389 P.2d 241 (1964); Bowman v. Tisnado, 84 Nev. 420, 442 P.2d 899 (1968).

We also affirm the trial court's denial of the appellant's motion to dismiss pursuant to NRCP 41(b). In Corn v. French, 71 Nev. 280, 289 P.2d 173 (1955), this court said: "[T]he rule is clear on motion for involuntary dismissal that the motion admits the truth of plaintiff's evidence and all inferences that reasonably can be drawn therefrom and that the

---

[2]NRCP 61: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

214

evidence must be interpreted in the light most favorable to plaintiff and most strongly against defendant." Bates v. Cottonwood Cove Corp., 84 Nev. 388, 441 P.2d 622 (1968). The truth of the respondent's evidence and all inferences that could have been drawn therefrom required submission to the jury.

The judgment of the district court is affirmed.

ZENOFF, C. J., MOWBRAY and THOMPSON, JJ., and MANN, D. J., concur.