MARGUERITE L. McCABE AND MARY ANN SMITH, APPELLANTS, *v.* MARY JANE PEARSON, EXECUTRIX, ET AL., RESPONDENTS.

No. 6805

May 30, 1973                                   510 P.2d 875

*Pursel & Pursel,* of Las Vegas, and *John E. McHugh, Jr.,* of Hawthorne, California, for Appellants.

*Lionel Sawyer Collins & Wartman,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

By her Last Will, Edna Irene Fossler gave $1,000 to each of her daughters, Marguerite McCabe and Mary Ann Smith, and the balance of her estate worth more than $100,000 to her daughter, Mary Jane Pearson, whom she also named executrix. After the will was admitted to probate the disfavored daughters contested the same and sought to revoke the probate thereof. NRS 137.080. They alleged that their mother was incompetent to execute the will, and also, that she was induced to execute the same by reason of fraud and undue influence. The district court dismissed the contest and this appeal followed.

1. Although the appellants contend otherwise, there is substantial evidence to support the findings of the trial court that Edna Fossler was competent to execute her Last Will, and that it was neither the product of fraud nor undue influence. Consequently, we deny this claim of error peremptorily.

2. During the trial the contestants attempted to offer evidence of conversations with their mother. Objection thereto was made on the basis of NRS 48.010 which precluded such testimony "when the other party to the transaction is dead." Cf. In Re Golding's Estate, 58 Nev. 274, 76 P.2d 1099 (1938). The court sustained the objection. After the contest had been fully tried and but one day before the court made its findings of fact and entered judgment, NRS 48.010 was repealed and NRS 48.064 took its place. The new law provides that "transactions or conversations with or actions of a deceased person are admissible if supported by corroborative evidence."[1] This change of law was not called to the attention of the trial court before it entered judgment or at any time

---

[1] The new law became effective July 1, 1971. Judgment below was entered July 2, 1971.

thereafter. We are asked to set aside the judgment and remand for a new trial because of the new law.

The same problem was considered in Staudter v. Elter, 166 A.2d 394 (Sup.Ct.N.J. 1960), which we cited in Weaks v. Mounter, 88 Nev. 118, 493 P.2d 1307 (1972). Since the change involved only the admissibility of evidence and did not create new rights or affect vested ones, the court ruled that the new law controlled appellate disposition. We agree with that general proposition. In *Staudter*, however, the appellant made a record for appellate review by submitting an offer of proof to the trial court. Consequently, the appellate court was able to evaluate the excluded evidence in the light of the record as a whole. Such an offer of proof was not tendered in the matter at hand and we choose not to speculate as to the possible weight such unknown testimony may have carried had the trial court received it. NRCP 43(c); Eikelberger v. State ex rel. Dep't Hwys., 83 Nev. 306, 310, 429 P.2d 555 (1967); Foreman v. Ver Brugghen, 81 Nev. 86, 90, 398 P.2d 993 (1965); Charleston Hill v. Clough, 79 Nev. 182, 190, 380 P.2d 458 (1963); Alamo Airways, Inc., v. Benum, 78 Nev. 384, 391, 374 P.2d 684 (1962). We, therefore, deny this claim of error.

3. Other assigned errors are without merit.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.