THOMAS K. HINES, M.D., JOHN MARSHALL AND
EUGENE CHENEY, APPELLANTS, v. ROBERT
PLANTE, INDIVIDUALLY, AND ROBERT PLANTE, EX
REL. PLUMBAGO MINING CORP., INC., RESPOND-
ENTS.

No. 13214

April 21, 1983                                      661 P.2d 880

*Stephen C. Mollath,* Reno, for Appellants.

*Carl F. Martillaro,* Carson City; *Kenneth J. Jordan,* Carson
City, for Respondents.

## OPINION

*Per Curiam:*

This appeal is taken from an order appointing a receiver, and
from an order denying a motion to terminate the receivership.

For the reasons stated below, we believe that the district court committed reversible error in establishing and maintaining the receivership, and we therefore reverse and remand.

In May, 1977, appellant Hines and respondents (hereinafter Plante) entered into an agreement whereby Plante transferred certain mining rights under an existing lease arrangement, to the Plumbago Mining Corporation (hereinafter Plumbago). In return, Plante received forty-six percent of the capital stock in Plumbago, and the remaining fifty-four percent was divided between appellants Hines and Marshall.

After approximately one year, it was apparent that the Plumbago mining and milling enterprise was not productive, and that its assets were insufficient to meet certain of its obligations. Consequently, in an effort to make the enterprise more profitable, Plumbago entered into a "Joint Mining Operation Agreement" with one Errol Christman, whereby Christman agreed to extract the underground ore of the mine and deliver it to the mill. In return, Christman was to receive fifty percent of the proceeds received by Plumbago for its processed ore.

In October, 1979, Plante commenced a lawsuit against Hines, alleging various instances of misconduct by Hines in connection with the management of Plumbago. Plante sought, among other relief, to have a receiver appointed.

In June, 1980, a hearing was held in district court to determine whether a receiver should be appointed. In July, 1980, the court below entered an order in which it declined to appoint a receiver. Instead, the court ordered Hines and Christman to submit monthly reports to the court concerning all mining and milling operations on the Plumbago property. The court also appointed Plante as representative of all minority shareholders, and decreed that he was to have access to the Plumbago property in order to oversee all operations.

As a result of evidence adduced at a subsequent hearing, indicating that Christman had denied Plante access to the mine, the court entered an order on October 13, 1980, appointing two receivers to supervise the Plumbago operation.

On October 20, 1980, Hines terminated Christman's association with Plumbago by purchasing Christman's rights derived from the 1978 "Joint Mining Operation Agreement." Noting that it had largely been Christman's actions that prompted the appointment of a receiver, Hines then moved to terminate the receivership on the ground that Christman was no longer associated with Plumbago. The district court denied this motion, however, stating that there were no changed circumstances warranting termination of the receivership, and decreeing that the receivership continue in order to protect Plumbago assets.

The sole issue on appeal is whether the district court abused its discretion in establishing and maintaining the receivership.[2]

The appointment of a receiver *pendente lite* is a harsh and extreme remedy which should be used sparingly and only when the securing of ultimate justice requires it. Bowler v. Leonard, 70 Nev. 370, 269 P.2d 833 (1954). A corollary of this rule is that if the desired outcome may be achieved by some method other than appointing a receiver, then this course should be followed. State v. District Court, 406 P.2d 828 (Mont. 1965); *see also* Hawkins v. Aldridge, 7 N.E.2d 34 (Ind. 1937).

The reasons for the above rules are fundamental: appointing a receiver to supervise the affairs of a business is potentially costly, as the receiver typically must be paid for his or her services. A receivership also significantly impinges on the right of individuals or corporations to conduct their business affairs as they see fit, and may endanger the viability of a business.[3] The existence of a receivership can also impose a substantial administrative burden on the court.

In the case at hand, the district court established the receivership because Christman was physically interfering with Plante's access to the Plumbago mine site.[4] The lesser remedy of injunctive relief, although available, was not invoked. *Cf.* Hobbs v. Tom Reed Gold Min. Co., 129 P. 781 (Cal. 1913)

---

[2]Appointment of a receiver where a corporation is involved is the subject of NRS 78.650. That provision provides in pertinent part:

1. Any holder or holders of one-tenth of the issued and outstanding capital stock may apply to the district court, held in the district where the corporation has its principal place of business, for an order . . . appointing a receiver . . . and by injunction restrain the corporation from exercising any of its powers or doing business whatsoever, except by and through a receiver appointed by the court, whenever:

. . .

(b) Its trustees or directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of its affairs; or

(c) Its trustees or directors have been guilty of misfeasance, malfeasance or nonfeasance . . .

2. The application may be for the appointment of a receiver, without at the same time applying for the dissolution of the corporation, and notwithstanding the absence, if any there be, of any action or other proceeding in the premises pending in such court.

[3]This danger is exacerbated here, where the appointed receivers apparently did not have extensive mining experience.

[4]As previously indicated, the record also reveals allegations of financial misdealings by Hines in handling Plumbago's affairs. However, the record in this appeal does not provide adequate substantiation of these allegations to warrant the appointment of a receiver.

(mandamus available to compel corporate officers to provide stockholder access to company mine); State v. District Court of Ninth Judicial Dist., 406 P.2d 828 (Mont. 1965) (receivership of corporation vacated by extraordinary writ where bank seeking receivership could have simply foreclosed on corporation stock constituting security for loans to third-party stockholders).

Other circumstances in this case also persuade us that establishing a receivership was error. First, the record indicates that Hines contributed the bulk of the monies used to finance the Plumbago enterprise. *Cf.* Mann v. Friden, 287 P.2d 961 (Col. 1955) (appointment of receiver held erroneous partly because party opposing appointment contributed entire capital of business). Second, in seeking the receivership, Plante did not attempt to show that it was likely that he ultimately would be entitled to a judgment in the underlying action. *See Hawkins.*

The district court orders are reversed, and the matter is remanded with instructions to discharge the receiver. The receiver shall be ordered to render an accounting of the corporation's affairs, and to return all records and property to the corporation.