ROBERT ANDERSON, Appellant, v. STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Respondent.

No. 20623

March 6, 1991                                    806 P.2d 1042

*Greenman, Goldberg, Raby & Martinez,* Las Vegas, for Appellant.

*R. Scott Young,* General Counsel, Carson City, and *Virginia L. Hunt,* Associate General Counsel, SIIS, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

After injuring his back while working as a cab driver for

Whittlesea Cab Company (Whittlesea), appellant Robert Anderson filed his first claim for workman's compensation with the State Industrial Insurance System (SIIS) in May of 1985. SIIS accepted his claim and paid him permanent partial disability benefits based on his reported wage of $1,354.51 per month. Anderson continued to have leg and back pain, and in July of 1985, Anderson's doctor performed back surgery, a lumbar laminectomy.

In April of 1986, Anderson returned to work as a dispatcher for Bell Transportation (Bell). Due to the fusion in his back from his surgery, Anderson was limited to jobs involving very little lifting. At Bell, Anderson received $1,052.76 per month, approximately $300.00 less per month than his previous salary at Whittlesea.

Anderson continued to experience pain in his back and legs even after his surgery. On November 29, 1986, while working at Bell, Anderson's chair broke and he fell backwards onto the floor. His doctor stated that this was a minor injury, but it precipitated an aggravation of Anderson's pre-existing condition. SIIS treated this injury as a new claim, and gave Anderson temporary total disability benefits based on his lower monthly wage at Bell.

On June 14, 1988, Anderson underwent a second surgery because his laminectomy, the first surgery, did not fuse properly and it went in "non-union."

On February 1, 1988, relying on SIIS v. Harrison, 103 Nev. 543, 746 P.2d 1095 (1987), Anderson requested SIIS to recalculate his wage base according to the earlier salary.[1] SIIS denied Anderson's request, on grounds that this case did not "fall within the preview [sic] of SIIS v. Harrison." Anderson appealed this denial to a hearing officer with the Department of Administration. The hearing officer determined that SIIS correctly based Anderson's benefits on his salary at the time of his second injury. Consequently, Anderson appealed the hearing officer's decision to an appeals officer with the Department of Administration. The appeals officer upheld the decision of the hearing officer, and Anderson appealed to the district court. The district court denied Anderson's petition for judicial review and affirmed the appeals officer's decision. The district judge specifically found that the

---

[1]In a prior set of proceedings, Anderson moved to re-open the claim regarding the first injury. The hearing and appeals officer denied Anderson's motion. Respondent now contends that the prior proceedings are res judicata as to the issue of wage base. We find the record on appeal insufficient to support this assertion. *See* Hines v. Plante, 99 Nev. 259 n.1, 661 P.2d 880 (1985) (contention on appeal must be supported by evidence in the record).

record supports the appeals officer's factual findings that there were two distinct accidents giving rise to two different injuries. This appeal by Anderson followed.

Resolution of the present appeal hinges on whether the facts "fall within the purview of SIIS v. Harrison."[2] In *Harrison,* the claimant (Harrison) had suffered a 1983 above-the-knee amputation due to an infection which had developed at the site of a 1975 leg injury. *Harrison,* 103 Nev. at 544-545, 746 P.2d at 1097. After the 1975 accident, Harrison had obtained employment at a lower salary. *Id.* at 547, 746 P.2d at 1098. SIIS contended that the $500.00 wage base Harrison was making just prior to the amputation should apply. *Id.* This court rejected that contention, and instead applied a hypothetical wage base to account for the diminished salary. *Id.* We noted that Harrison should not be penalized for obtaining employment at a lower salary. *Id.*

The *Harrison* rationale applies to the present case. The medical evidence is clear that Anderson's 1986 injury would have been much less serious absent the 1985 injury. Given the clear relationship to the earlier injury, an award of the lower wage base would penalize Anderson for accepting employment at a lower salary. We therefore conclude that the district court erred in denying Anderson benefits based upon the higher wage base.

For the reasons stated above, the order of the district court is reversed.

---

[2]We note that the distinction between "new injury" and "recurrence" suggested in SIIS v. Swinney, 103 Nev. 17, 731 P.2d 359 (1987) is not critical to the determination of this issue. Instead, the question shall be whether there is a sufficient nexus between the injuries to warrant use of the higher wage base.