# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION; MRT
ASSETS, LLC, A NEVADA LIMITED-
LIABILITY COMPANY; RONE CHANG,
AN INDIVIDUAL; MICHAEL H. RING,
AN INDIVIDUAL; AND CALVIN FUNG,
AN INDIVIDUAL,
Appellants/Cross-Respondents,
vs.
EDWARD A. NEWMYER, AN
INDIVIDUAL,
Respondent/Cross-Appellant.

No. 80211



FILED

SEP 2 4 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART AND REVERSING IN PART*

This is an appeal and cross-appeal from a district court judgment following a bench trial in a business matter. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Respondent/cross-appellant Edward A. Newmyer brought the underlying complaint against the appellant/cross-respondent companies, Premier One Holdings, Inc. and MRT Assets, LLC (the companies), and the individual appellants/cross-respondents, Rone Chang, Michael H. Ring, and Calvin Fung (collectively, with the companies, appellants). Newmyer sought declaratory and equitable relief to enforce his claimed owner/member status in, and the appointment of a receiver over, the companies, as well as monetary damages stemming from his allegedly unpaid salary and/or "attorney" fees for services that he performed for the

21-27612

companies.[1]  Appellants counterclaimed, as relevant here, under the Computer Fraud and Abuse Act (CFAA), alleging that Newmyer wrongfully accessed the companies' Dropbox accounts.

Newmyer missed several court-ordered deadlines and a pretrial calendar call, and the district court accordingly dismissed his claims with prejudice, struck his answer to appellants' CFAA counterclaim (leaving him in default), and ordered a prove-up hearing for damages on the CFAA claim. On Newmyer's motion, however, the district court granted reconsideration of that order and held a bench trial, following which it: (1) ordered appointment of a receiver for the companies; (2) declared Newmyer part owner of Premier One and a member of MRT; (3) dismissed Newmyer's claims for monetary damages; and (4) awarded appellants nominal damages under their CFAA claim. Appellants now appeal as to the grant of reconsideration, appointment of a receiver, and declaratory relief granted to Newmyer, and Newmyer cross-appeals as to the district court's decisions regarding damages, discovery, and the CFAA claim.

As a threshold matter, reconsideration of the district court's original dismissal order was sought and granted pursuant to NRCP 60(b)(1) (allowing a district court to set aside a "final judgment, order, or proceeding" on the basis of "excusable neglect"), despite that the order actually left open the question of damages on the appellants' CFAA claim. As such, the order was interlocutory, *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 776 (9th Cir. 1998) (stating that "an order that determines liability but not damages is not a final decision"), and the

---

[1]Newmyer was a Michigan-licensed attorney and not authorized to practice law in Nevada at the time that the fees in question allegedly accumulated.

 

district court only needed to determine whether "justice require[d]" reconsideration. *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2660 (4th ed. 2014). Had the district court reconsidered the order under this more flexible standard, given the facts Newmyer presented to plausibly explain his pretrial missteps, Nevada's "bedrock policy to decide cases on their merits whenever feasible," *Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 470, 469 P.3d 176, 179 (2020), and the order's harsh result, *Moore v. Cherry*, 90 Nev. 390, 393, 528 P.2d 1018, 1021 (1974) (stating that "dismissal with prejudice is a harsh remedy to be utilized only in extreme situations"), the district court would have acted within its broad discretion and inherent authority by finding justice so required. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (noting that a district court's decision on a motion for reconsideration is reviewed for an abuse of discretion); *see also Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (discussing the greater flexibility a district court has in determining whether to reconsider an interlocutory order); *Greene*, 764 F.2d at 22 (comparing "heavy burden" borne by party moving for reconsideration on the grounds of excusable neglect under NRCP 60(b) with a "routine request for reconsideration" of a decision for neglect, even where not excusable). We accordingly affirm the district court's order granting reconsideration. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (stating that "[t]his court will affirm a district court's order if the district court reached the correct result").

We also affirm the district court's declaratory judgment order that recognized Newmyer's ownership in the companies. The district court

granted judgment based in equity after weighing extensive documentary evidence—(1) an affidavit by Michael Ring submitted to the Nevada Bar Association, attesting to Newmyer's ownership and membership in the companies; (2) the MRT Operating Agreement likewise noting Newmyer's membership; (3) several emails between the individual appellants and the companies' accountants noting that Newmyer's ownership and membership interests should be documented; and (4) a series of 2015 Schedule K-1s that Newmyer received from the companies' accountants stating the same— against the contrary testimony of a single witness, who does not appear to have had authority to speak on behalf of the companies, and the fact that a stock certificate purporting to issue Newmyer's shares in Premier One was left unsigned. And, while appellants argue that Newmyer's unclean hands should have prevented such equitable relief in any case, the district court implicitly rejected this argument because it weighed the evidence noted above and awarded Newmyer relief based on that balance. *Luciano v. Diercks*, 97 Nev. 637, 639, 637 P.2d 1219, 1220 (1981) (noting that even where a district court fails to make specific findings of fact in support of its determination, this court may infer findings that the record clearly supports). All of this was within the district court's authority and discretion. *Bedore v. Familian*, 122 Nev. 5, 11-12 & n.21, 125 P.3d 1168, 1172 & n.21 (2006) (reaffirming that district courts have full discretion to fashion and grant equitable remedies); *Quintero v. McDonald*, 116 Nev. 1181, 1184, 14 P.3d 522, 524 (2000) (stating that "[t]he credibility of witnesses and the weight to be given their testimony is within the sole province of the trier of fact").

We further affirm the district court's discretionary decision to appoint a receiver over the companies. *Nishon's, Inc. v. Kendigian*, 91 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

504, 505, 538 P.2d 580, 581 (1975) (reviewing appointment of a receiver for an abuse of discretion). Appellants argue that the companies are not insolvent but that receivership might render them so, and also point to the perceived injustice that the only person requesting receivership has made no financial contribution to the companies; but these arguments do not land. First, at trial, the appellants left unrebutted testimony and documents detailing the financial practices of the companies and their primary investor, Chang. And the district court was not persuaded by the theoretically contradictory evidence that appellants subsequently submitted in a post-trial motion. *See Quintero*, 116 Nev. at 1184, 14 P.3d at 524. Second, it may be that, as appellants argue, in some hypothetical case the appointment of a receiver could hinder business operations. *See Hines v. Plante*, 99 Nev. 259, 261-62, 661 P.2d 880, 882 (1983). But in this case, there is nothing to suggest that the complexity of running (or winding up the affairs of) appellants' real estate enterprises are beyond the skills of the appointed receiver—whom *appellants nominated*, and who has extensive relevant experience—such that the district court abused its discretion in appointing them.[2] Third, it is not determinative that Chang opposes receivership—while this might weigh against appointment of a receiver in certain circumstances, *see Hines*, 99 Nev. at 262, 661 P.2d at 882 (noting that a receiver should not be appointed when the party who "contributed the bulk of the monies used to finance the . . . enterprise" opposed it), not so here, because of Chang's role in the matter.

---

[2]In keeping with the Chicago Manual of Style, where an individual's preferred pronoun is uncertain, this order uses "they" as a singular. *Chicago Manual of Style* § 5.46 (16th ed. 2010).

Newmyer cross-appeals the district court's oral and written orders rendering partial judgment in favor of appellants as to his claims for monetary relief. The specific basis for Newmyer's cross-appeal is unclear, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting it is an appellant's responsibility to cogently present their arguments), though we read it to allege either that (1) the written order is technically deficient because it only included findings of fact, not conclusions of law, *see* NRCP 52(c) (stating that "[a] judgment on partial findings must be supported by findings of fact and conclusions of law as required by [NRCP] 52(a)"); *Commercial Cabinet Co. v. Mort Wallin of Lake Tahoe, Inc.*, 103 Nev. 238, 240, 737 P.2d 515, 517 (1987) (stating that the district court *must* make specific findings of fact and conclusions of law under NRCP 52(a)); or (2) he proved his claims by a preponderance of the evidence and is thus entitled to relief. Both arguments turn on this court's de novo review, *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004) (noting that this court reviews the district court's application of law to facts de novo), *overruled on other grounds by U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev. 180, 192, 415 P.3d 32, 42 (2018); *Dewey v. Redevelopment Agency of Reno*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003) (noting that conclusions of law are reviewed de novo), and both lack merit.

With regard to the former argument, the legal substance of the district court's NRCP 52(c) decision is clearly ascertainable from the oral and written orders, which defeats Newmyer's objections to their form. *See Bowman v. Tisnado*, 84 Nev. 420, 421, 442 P.2d 899, 900 (1968) (stating that in the context of NRCP 52(a), "[t]his court is unimpressed by . . . a technical distinction in form, where the substance of the trial judge's holding is clearly ascertainable"); *Bowers v. Edwards*, 79 Nev. 384, 388, 385

P.2d 783, 785 (1963) (noting that "[w]hile the form of the findings is not to be commended, the findings read in conjunction with the first conclusion of law are legally sufficient to establish that the trial judge determined that appellant had failed to substantiate his allegations of fraud and misrepresentation"). As to the latter, Newmyer admits that he failed to properly disclose a statement of his alleged damages during discovery, and the district court could accordingly prohibit him from proving up the same at trial. *Pizarro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 265, 396 P.3d 783, 787 (2017). Because each of Newmyer's monetary claims requires proof of damages, each accordingly fails as a matter of law. *See Frantz v. Johnson*, 116 Nev. 455, 469, 999 P.2d 351, 360 (2000) (noting that "[w]ith respect to proof of damages, we have held that a party seeking damages has the burden of providing the court with an evidentiary basis upon which it may properly determine the amount of damages"); *Cent. Bit Supply, Inc. v. Waldrop Drilling & Pump, Inc.*, 102 Nev. 139, 142, 717 P.2d 35, 37 (1986) (noting that "the burden of establishing damages lies on the injured party"). We therefore affirm on this point.

As for Newmyer's remaining claims, the district court in no way abused its discretion when it denied Newmyer's request to extend discovery under EDCR 2.35 (allowing district court to extend discovery on showing of excusable neglect). *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 666, 262 P.3d 705, 712 (2011) (reviewing order on continuation of discovery under NRCP 56(f) for abuse of discretion). Newmyer did not diligently pursue discovery. *Cf. id.* at 669, 262 P.3d at 714 (noting that it is not an abuse of discretion to deny motion to continue discovery where it is not diligently pursued). And, though he suggests appellants agreed to an extension of discovery, he presented no court-approved, written stipulation

by the parties to such an effect. EDCR 7.50 (providing that an agreement or stipulation between the parties or their attorneys will not be effective "unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same is in writing subscribed by the party against whom the same shall be alleged, or by the party's attorney").

There is, however, merit to Newmyer's argument that the district court erred in awarding nominal damages on appellants' CFAA counterclaim. For one, even when pressed by Newmyer on appeal, appellants admit that they cannot "prove the monetary value of the damages" resulting from his allegedly accessing their Dropbox accounts. *See Hansen Plumbing & Heating of Nev., Inc. v. Gilbert Dev. Corp.*, 97 Nev. 642, 642-43, 638 P.2d 76, 76 (1981) (treating respondent's failure to respond to an argument as a confession of error). And the only possible basis for their CFAA claim is under 18 U.S.C. § 1030(c)(4)(A)(i)(I) (2019), which requires evidence of an aggregate loss of at least $5,000. *See NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 962 (N.D. Cal. 2014) (noting that a party "may only sue . . . under the CFAA if defendants' violations of the Act caused a loss of at least $5,000 in value"). Moreover, the relevant statute of limitations, 18 U.S.C. § 1030(g) (2019) (setting a two-year statute of limitations for CFAA claims), appears to have expired prior to appellants' May 24, 2019 filing—the conduct in question occurred more than two years before appellants' filing, and the filing of Newmyer's complaint did not toll the statute of limitations on the compulsory CFAA counterclaim. *See Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 798-99, 801 P.2d 1377, 1382 (1990). In any case, even Newmyer's original complaint was filed outside of the two-year limitations period.

In sum, the district court erred by awarding appellants nominal damages on their CFAA claim, which fails as a matter of law, and we therefore reverse that portion of the district court' order. Otherwise, the district court properly disposed of an, admittedly, convoluted case. Accordingly, we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Morris Law Center
       Armstrong Teasdale, LLP/Las Vegas
       Eighth District Court Clerk