# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUREFUNDING, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Appellant,
vs.
BRETT HATTON, AN INDIVIDUAL; EARL CORONEL, AN INDIVIDUAL; AUTUMN WIND GLOBAL MULTI-STRATEGIES FUND, LP, A DELAWARE LIMITED PARTNERSHIP; DAMON GERSH, AN INDIVIDUAL; JASON ECKENROTH, AN INDIVIDUAL; SHERRI R. SANDS, AS TRUSTEE OF THE SHERRI R. SANDS REVOCABLE TRUST, A FLORIDA TRUST; GLICKFIELD CAPITAL MANAGEMENT, LLC FBO M. GLICKFIELD DYNASTY TRUST, A MARYLAND TRUST; GLICKFIELD CAPITAL MANAGEMENT, LLC FBO CHERYL NEWMARK, A MARYLAND TRUST; GLICKFIELD CAPITAL MANAGEMENT, LLC FBO MARLA SCHRAM, A MARYLAND TRUST; CARRICKFERGUS INVESTMENTS LIMITED, A BRITISH VIRGIN ISLANDS COMPANY; STEPHANIE CARNOT, AS TRUSTEE OF THE CARNOT FAMILY TRUST, A DISTRICT OF COLUMBIA TRUST; DORSEY AND WHITNEY TRUST CO., LLC, AS TRUSTEE OF THE DYLAN TAYLOR 2011 GRANTOR TRUST, A SOUTH DAKOTA TRUST; ESECO, LLC, A MICHIGAN LIMITED LIABILITY COMPANY; SEQURIS GROUP, LLC, A MICHIGAN LIMITED LIABILITY COMPANY; MATTHEW BRIGGS, AS TRUSTEE OF THE BRIGGS

No. 81639

FILED

JAN 1 3 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

22-01388

MANAGEMENT TRUST: MICHAEL RUBENSTEIN, AN INDIVIDUAL; JUNE FARMER, AN INDIVIDUAL; THOMAS CARL MYERS, AN INDIVIDUAL; RICHARD L. ROGERS, AN INDIVIDUAL; NEAL J. GLICKFIELD, AS TRUSTEE OF THE NEAL J. GLICKFIELD 2018 TRUST, A MARYLAND TRUST; LINEAGE, LLC, A VIRGINIA LIMITED LIABILITY COMPANY; CHARLES B. CHOKEL, AS TRUSTEE OF THE CHARLES B. CHOKEL TRUST U/A 4/21/92, A NEW HAMPSHIRE TRUST; BRIAN GRAY, AN INDIVIDUAL; HFJ INVESTMENTS I, LLC, A TEXAS LIMITED LIABILITY COMPANY; PATRICIA B. JONES, AS TRUSTEE OF THE PATRICIA B. JONES REVOCABLE TRUST, A MARYLAND TRUST; JOHN B. SHAW, AS TRUSTEE OF THE JOHN B. SHAW 2012 FAMILY GRANTOR TRUST; AND 1086 LLC, A MARYLAND LIMITED LIABILITY COMPANY,
Respondents.

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order appointing a receiver. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant SureFunding, LLC, an investment firm, lost millions of dollars it invested into a foreign company that was later discovered to be a Ponzi scheme.[1] Respondents are a subset of SureFunding's noteholders who are granted a senior secured priority interest with respect to their

---

[1]We do not recount the facts except as necessary to our disposition.

collateral per the Third Amendment to the Note Purchasing Agreement (TNPA).

Respondents sued SureFunding, alleging a breach of the TNPA due to SureFunding improperly investing funds in the Ponzi scheme. Respondents thereafter moved for appointment of a receiver, alleging that SureFunding was not acting in the best interest of the creditors. The district court granted respondents' motion and appointed a receiver of respondents' choice. SureFunding moved to vacate the receivership order, and the district court denied the motion. This appeal followed.

*Respondents lacked standing to bring their claim*

SureFunding contends that respondents lack standing to bring their breach of contract claim, and therefore lack standing to pursue the appointment of a receiver, because the TNPA bars an action brought without the consent of all Key Purchasers, and one Key Purchaser has not joined the suit against SureFunding.

Whether a party has standing is a question of law we review de novo. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). And, we review a district court's interpretation of a contract de novo. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005).

A plaintiff has the burden of proving that it has standing to assert its claims. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[S]tanding requires that a plaintiff have suffered an 'injury in fact' that is not merely conjectural or hypothetical." *Miller v. Ignacio*, 112 Nev. 930, 936 n.4, 921 P.2d 882, 885 n.4 (1996) (citing to *Lujan*, 504 U.S. at 560.); Anya Bernstein, *The Hidden Costs of Terrorist Watch Lists*, 61 Buff. L. Rev. 461, 510 (2013) (standing requires "an actual or imminent concrete harm."). However, this court will enforce a contract as written if the language of the contract is clear and unambiguous. *Am. First Fed. Credit Union v. Soro,*

 

131 Nev. 737, 739, 359 P.3d 105, 106 (2015). And we will not disturb a contract between parties unless the agreement is "unconscionable, illegal, or in violation of public policy." *Rivero v. Rivero*, 125 Nev. 410, 429, 216 P.3d 213, 226 (2009).

The TNPA distinguishes two groups of investors. First, the TNPA labels noteholders who have an aggregate principal amount of at least two million dollars as Key Purchasers. Second, the TNPA describes the holders of a majority of the outstanding principal amount, including each Key Purchaser, as Required Purchasers. The TNPA vests the authority to initiate action with respect to the collateral funds to a Collateral Agent, who is required to seek approval from the Required Purchasers before initiating any action under the TNPA. After the Collateral Agent resigned in 2019, the Required Purchasers elected not to appoint a new one. As a result, the Required Purchasers thereafter held the rights and obligations of the Collateral Agent under the TNPA. It is undisputed that respondents hold the majority of SureFunding's outstanding debt and include all but one Key Purchaser.

We conclude that respondents do not have standing to bring their claim. After the Collateral Agent resigned, the Required Purchasers acted as the de facto Collateral Agent per the TNPA. As such, the Required Purchasers were obligated to acquire the assent of every Key Purchaser to initiate any action under the TNPA with respect to their collateral.[2] While

---

[2]On appeal, respondents contend for the first time that they are not bound by the TNPA because the record copy of that document is unsigned. However, respondents did not raise this issue with the district court, so we consider it waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to

*continued on next page...*

respondents hold a majority of SureFunding's principal, they are missing one Key Purchaser. Therefore, under the TNPA, respondents may not initiate a breach of contract with respect to the collateral.

Because respondents do not have standing to bring their substantive tort law claim, they are therefore barred from seeking the appointment of a receiver; NRS 32.010 only permits a district court to appoint a receiver where "an action is pending." *See Hines v. Plante*, 99 Nev. 259, 262, 661 P.2d 880, 882 (1983) (explaining that a party seeking a receivership must show that it is likely that it would be entitled to a judgment in the underlying action). The parties freely contracted to include this limitation, and respondents do not allege that the TNPA is otherwise unconscionable, illegal, or in violation of public policy. *See Rivero*, 125 Nev. at 429, 216 P.3d at 226 (2009).[3] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

[3]In light of this resolution, we need not reach the other arguments raised by the parties on appeal.

cc: Hon. Mark R. Denton, District Judge
Paul M. Haire, Settlement Judge
Snell & Wilmer, LLP/Las Vegas
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Blank Rome LLP/Chicago
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A