LEONA MOLINO, Appellant, v. WAYNE ASHER and EMMA ASHER, Husband and Wife, Respondents.

No. 10216

January 12, 1979                                588 P.2d 1033

---

*Jaquette and Kilpatrick,* of Carson City, for Appellant.

*Cromer, Barker & Michaelson,* and *Victor Alan Perry,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This is an action to recover damages for personal injuries sustained by Leona Molino. She had parked her car in the parking lot of her employer, Lynch Communications Systems, and was preparing to go to work. As she was exiting her vehicle, it was struck by another car driven by her coemployee, Emma Asher. The employer had accepted the provisions of the

Nevada Industrial Insurance Act. The complaint alleges negligence of the coemployee as the proximate cause of Molino's injury and damage, and also seeks to impose liability upon Wayne Asher, Emma's husband, by reason of his ownership of the car Emma was driving when the accident occurred.

The district court granted summary judgment to the Ashers. It found that Molino was injured in the course of her employment, and that the immunity from suit created by the NIIA embraced not only the employer but the coemployee as well. Moreover, the court concluded that ownership of the car Emma was driving was not enough to impose liability upon Wayne in these circumstances. This appeal is from the order granting summary judgment.

1. The phrase "arising out of and in the course of employment" has received a liberal interpretation by this court where the issue is entitlement to industrial compensation. Costley v. Nevada Ind. Ins. Com., 53 Nev. 219, 296 P. 1011 (1931); Nevada Ind. Com. v. Leonard, 58 Nev. 16, 68 P.2d 576 (1937); Provenzano v. Long, 64 Nev. 412, 183 P.2d 639 (1947). Indeed, Provenzano is factually similar to the case at hand, for there an employee who had quit work for the day and was waiting for a ride home, and while so waiting was struck by a truck driven by a coemployee, was found to have sustained an injury arising out of and in the course of his employment, and, therefore, entitled to industrial compensation. None of the cited cases, however, concern the tort liability of a third person coemployee who may not have been acting within the scope of her employment when the accident occurred. We turn to address this problem.

2. NRS 616.560(1) extends immunity from suit to "a person in the same employ."[1] Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969); Stolte, Inc. v. District Court, 89 Nev. 257, 510 P.2d 870 (1973). NRS 616.560 also recognizes third-party liability to an employee who receives an injury for which compensation is payable under the Act.

Whether the legislature intended to grant immunity to a coemployee simply by reason of his status as such, or whether the intention was to grant immunity only in situations where

---

[1]NRS 616.560(1): "When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ, to pay damages in respect thereof: . . . ."

the employee perpetrating the injury acts in the scope of employment in the respondeat superior sense is the precise issue presented for our resolution. This issue was not before the court in either Aragonez or Stolte for in each instance the coemployee was conducting his employer's business, within the scope of his employment and, therefore, clearly within the statutory grant of immunity.

Case authority elsewhere is split. Cases collected in Annot., 21 A.L.R.3d 845 (1968), entitled "Right to Maintain Direct Action Against Fellow Employee for Injury or Death Covered by Workmen's Compensation." We do not believe that the legislature intended to exempt a coemployee from common law liability in a situation where, apart from the compensation act, the common employer would not be responsible for the coemployee's actions under the doctrine of respondeat superior. Saala v. McFarland, 403 P.2d 400 (Cal. 1965); Williams v. Bebbington, 146 S.E.2d 853 (S.C. 1966); McKelvy v. Barber, 381 S.W.2d 59 (Tex. 1964); Ward v. Wright, 490 S.W.2d 223 (Tex.Civ. 1973).

Whether Lynch Communications Systems, the common employer, apart from the compensation act, would or would not be responsible for the conduct of Emma Asher in causing injury to Leona Molino was not considered by the district court in deciding the issue of coemployee immunity. Consequently, we reverse this aspect of the judgment below and remand for further proceedings.

3. Statute imposes liability upon the owner of a motor vehicle negligently driven upon a highway with the owner's permission by an immediate member of his family.[2] Wayne Asher, owner of the vehicle driven by his wife Emma, contends that the statute is inapplicable since the accident occurred in a parking lot and not on a highway. In our view, the term highway is broad enough to embrace a parking lot. People v. Jensen, 347

[2]NRS 41.440: "Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages."

N.E.2d 371 (Ill.App. 1976). To rule otherwise would destroy the public policy considerations of the statute.

Reversed and remanded.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.