LEONA MOLINO, APPELLANT, v. WAYNE ASHER AND EMMA ASHER, HUSBAND AND WIFE, RESPONDENTS.

No. 12116

October 29, 1980                                            618 P.2d 878

---

*Jaquette & Kilpatrick,* Carson City, for Appellant.

*Cromer, Barker, Michaelson, Gillock & Rawlings, Cynthia Pyzel, and Victor Alan Perry,* Reno, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

In this second appeal from orders of summary judgment in favor of Wayne Asher and Emma Asher, respondents-defendants, we are required to determine whether the trial court erred in concluding that co-employee statutory immunity insulates respondents from common law liability and whether the doctrine of the law of the case precluded the trial court from considering the scope of the term "highway."

This is an action to recover damages for personal injuries sustained by Leona Molino. She had parked her vehicle in the parking lot of her employer, Lynch Communications Systems, and was preparing to go to work. As she exited her vehicle, it was struck by another car driven by her co-employee, Emma Asher. Molino allegedly sustained personal injuries as a result of the impact. The employer had accepted the provisions of the Nevada Industrial Insurance Act. The complaint alleges negligence of the co-employee as the proximate cause of Molino's injury and damage, and also seeks to impose liability upon Wayne Asher, Emma's husband, by reason of his co-ownership of the car Emma was driving when the accident occurred.

Prior to the first appeal, the trial court had entered summary

judgment in favor of respondents, concluding that the Nevada Industrial Insurance Act exempted respondent Emma Asher from suit and that NRS 41.440 was inapplicable to Wayne Asher, notwithstanding his co-ownership of the vehicle. We reversed, holding that: (1) the co-employees grant of immunity extends only to situations where, apart from the compensation act, the employer would be liable under the doctrine of respondeat superior, and (2) the term "highway" for the purpose of imputing negligence to the owner of a car under NRS 41.440, is broad enough to embrace a parking lot. Because the issue of co-employee immunity under NRS 616.560(1) was not addressed by the district court, we reversed the summary judgment and remanded for further proceedings to determine if the co-employee immunity protects Emma Asher from suit. *See* Molino v. Asher, 95 Nev. 33, 588 P.2d 1033 (1979).

On remand, the district court again granted summary judgment in favor of respondents, finding that because Emma Asher was within "the course and scope of her employment" at the time of the accident, she was immune from suit as a co-employee. NRS 616.560(1).[1] Furthermore, contrary to our earlier *Molino* holding, the district court concluded that the privately owned parking lot was not a highway within the context of NRS 41.440, which ruling, if upheld, would have the effect of relieving Wayne Asher of any liability as the co-owner of the automobile. We conclude that the trial court erred in both respects.

*1. The Propriety of Summary Judgment.*

On the initial appeal, we held that NRS 616.560(1) exempts a co-employee from liability for tortious conduct in situations where the employer would have been liable at common law. Molino v. Asher, 95 Nev. at 36, 588 P.2d at 1035. In that previous appeal the question of common law liability had not been determined and therefore we remanded the case for further proceedings. By granting summary judgment, the district court determined that common law respondeat superior liability would attach as a matter of law to Emma Asher's employer. Furthermore, by granting the summary judgment the court determined that the claimed negligence in parking her vehicle was activity within both the course and scope of her employment. Therefore, Emma Asher would be immune from an independent suit for damages.

Summary judgment is only available to resolve issues of law

---

[1]NRS 616.560(1) provides in part: "When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ, to pay damages in respect thereof: . . . ."

where the facts are not in dispute. NRCP 56(c). We must therefore determine whether summary judgment in favor of respondents was appropriate, whether in view of appellant-plaintiff's counter motion for summary judgment and the state of the record, appellant was entitled to summary judgment, or whether the issue of course and scope of employment was one for determination by the trier of fact.[2]

Ordinarily, respondeat superior liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment. National Convenience Stores v. Fantauzzi, 94 Nev. 655, 657–58, 584 P.2d 689, 691–92 (1978). The tortious conduct of an employee in transit to or from the place of employment will not expose the employer to liability, unless there is a special errand which requires driving. *Id.* at 658, 584 P.2d at 692. Here, it is undisputed that the master-servant relationship existed between appellant Molino and respondent Emma Asher as co-employees and Lynch Communications as employer. The main focus then, is upon whether the alleged tortious conduct of Emma Asher occurred within the scope of employment. The record reflects that the trial court thoroughly detailed the facts allegedly supportive of employer control over both appellant and Mrs. Asher. Nevertheless, the record is devoid of any evidence to show that either party was within the course of employment and under the control of Lynch Communications Systems at the time of the accident in question. Many courts have held, in accordance with our holding, that parking lot accidents under the "coming and going" rule are not sufficiently within the scope of employment to warrant respondeat superior liability. Saala v. McFarland, 403 P.2d 400 (Cal. 1965); McKelvy v. Barber, 381 S.W.2d 59 (Tex. 1964); Ward v. Wright, 490 S.W.2d 223 (Tex.Civ. 1973); Williams v. Bebbington, 146 S.E.2d 853 (S.C. 1966). *See also* Rest. Agency 2d § 229 comment d.

Clearly, there was no special errand or job responsibility which would have put Emma Asher in her employer's control. *See* National Convenience Stores v. Fantauzzi, 94 Nev. at 658, 584 P.2d at 692; Ducey v. Argo Sales Co., 602 P.2d 755, 768

---

[2]The fact that this case arose upon cross motions for summary judgment raises the question whether the parties impliedly stipulated that there remained no material question of fact consistent with our opinion in City of Las Vegas v. Cragin Industries, 86 Nev. 933, 937, 478 P.2d 585, 588 (1970). However, in *Cragin* we merely held that the court was "at liberty" to find such a concession, *Id.,* and that such a finding is discretionary, not mandatory.

(Cal. 1979). Whether there exists a material conflict in the evidence concerning whether an employee was engaged in the scope of employment when the tortious act occurred was held to be a question of fact for jury determination. National Convenience Stores v. Fantauzzi, 94 Nev. at 659, 584 P.2d at 692; Witt v. United States, 319 F.2d 704 (9th Cir. 1963). Here, however, the evidence was clear that Molino's co-employee, Mrs. Asher, would not be exempt under the common law theory of liability as the common employer could not be responsible for his employees' conduct under the respondeat superior doctrine. Molino v. Asher, 95 Nev. at 36, 588 P.2d at 1035.

Accordingly we conclude, contrary to the trial court's determination and as a matter of law, that appellant is entitled to summary judgment on the issue of course and scope of employment. NRCP 56(c).

*2.   The Law of the Case.*

Through her complaint, appellant seeks to impute the negligent conduct of Emma Asher to her husband, the co-owner of the vehicle.[1] On the initial appeal, this court held that for the purpose of NRS 41.440, "the term highway is broad enough to embrace a parking lot." Molino v. Asher, 95 Nev. at 36, 588 P.2d at 1035. In the event Emma Asher is proven to be negligent, then NRS 41.440 permits her liability to be imputed to her husband, the other owner of the vehicle.

Nevertheless, on remand, the district court found that the privately owned parking lot at Lynch does not fall within the meaning of "highway." We did not remand this issue to the trial court for its determination. Our previous decision rendered the issue *res judicata* and the doctrine of law of the case precludes the reconsideration of issues for which a final judgment has been given. LoBue v. State *ex rel.* Dep't Hwys, 92 Nev. 529, 532, 554 P.2d 258, 260 (1976); Walker v. State, 85 Nev. 337, 343, 455 P.2d 34, 38 (1969).

In remanding the case after the prior appeal, the sole question to be decided was the common law liability of Lynch Communications Systems. The trial court erred in reconsidering the

---

[1]NRS 41.440 provides:

Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a *motor vehicle upon a highway* with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daugher, father, mother, brother, sister or other immediate member of a family for any damages proximately resulting from such negligence or willful misconduct and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages. (Emphasis added.)

issue of whether a parking lot is within the scope of the term highway,[4] and we accordingly reverse.

The order granting summary judgment for respondents is reversed and the case remanded with instructions that the trial court enter summary judgment in favor of appellant as to the issues of course of employment and imputation of liability consistent with the views expressed in this opinion.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.

[4]The respondent's argument that new evidence justified the reconsideration of the issue is without merit. The only new evidence concerned Lynch Communications' ownership of the parking lot, a fact we had previously presumed.