CAROLYN ANN BURNETT, Individually; CAROLYN ANN BURNETT as Mother and Natural Guardian of JOHNATHAN DICKERSON; and CAROLYN ANN BURNETT, as Mother and Natural Guardian of "BABY BURNETT," Appellant, v. C.B.A. SECURITY SERVICE, INCORPORATED, Respondent.

No. 21431

November 5, 1991                                    820 P.2d 750

*David Allen & Associates* and *Kenneth L. Hall* and *Daniel L. O'Brien,* Las Vegas, for Appellant.

*Barker, Gillock, Koning, Brown & Earley,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

## THE FACTS

Jack Robinson was employed as a security guard by C.B.A. Security (hereinafter CBA) and was stationed at an apartment complex called the Regency Towers. In March, 1984, a tenant at the Regency Towers allowed Robinson to use an automobile. Thereafter, Robinson returned the automobile as instructed and left its keys at the front desk of the apartment complex.

A few days later, while Robinson was off duty, he approached the front desk of the Regency Towers and asked for the keys, representing that he was acting with the permission of the owner. An attendant gave the keys to Robinson, apparently unaware that Robinson did not in fact have permission to use the vehicle at that time. Robinson then drove the automobile down Las Vegas Boulevard and collided with a vehicle driven by the appellant (hereinafter ''Burnett'').

Burnett filed a complaint, naming CBA as a co-defendant, alleging that CBA was vicariously liable for Burnett's injuries, and that CBA negligently hired Robinson. The district court granted CBA's motion for summary judgment, thereby releasing CBA as a defendant. The district court also denied Burnett's motion for leave to amend her complaint. This appeal followed.

## 1. *PROPRIETY OF SUMMARY JUDGMENT.*

Summary judgment is appropriate only where no genuine issues of fact remain for trial and one party is entitled to judgment as a matter of law. *See* NRCP 56(c); Pacific Pools Constr. v. McClain's Concrete, 101 Nev. 557, 706 P.2d 849 (1985). We conclude under this standard that the district court properly entered summary judgment for CBA.

"[R]espondeat superior liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment." Molino v. Asher, 96 Nev. 814, 817, 618 P.2d 878, 879 (1980). The undisputed facts of this case demonstrate that Robinson acted outside the scope of his employment and was not furthering the business interests of CBA when he took the automobile and drove it down Las Vegas Boulevard. Therefore, CBA cannot be held vicariously liable for any of Burnett's damages.[1] See Molino, 96 Nev. at 817, 618 P.2d at 879.

The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position. See Banks v. Nordstrom, Inc., 787 P.2d 953, 960 (Wash.Ct.App. 1990). The undisputed facts of this case indicate that Robinson had previous experience as a security guard and that CBA examined his background by verifying the information provided in Robinson's employment application. CBA also required Robinson to secure a Clark County Sheriff's card, which subjected Robinson to an additional preemployment background investigation by the Clark County Sheriff's Department. Neither background investigation revealed any indication that Robinson would use his position to misappropriate a motor vehicle. We conclude under these circumstances that the district court properly determined that CBA acted reasonably when it hired Robinson.

## 2. DENIAL OF BURNETT'S MOTION TO AMEND.

It is well-settled that the decision to deny a motion to amend a complaint is within the sound discretion of the district court, and will not be reversed unless the record reflects an abuse of that discretion. See Stephens v. Southern Nevada Music Co., 89 Nev. 104, 507 P.2d 138 (1973). Delay, bad faith, or a dilatory motive are all sufficient reasons to deny a motion to amend a pleading. Id.

In the present case, Burnett filed her motion to amend the complaint approximately three years after the original complaint was filed, and six years after the accident occurred. The motion was filed subsequent to CBA's motion for summary judgment and would not have added a justiciable cause of action to this case. Under these circumstances, we conclude that the district court properly denied Burnett's motion to amend her complaint.

---

[1]Because Robinson acted outside the scope of his employment, NRS 648.140(2) does not apply to this case.

## *CONCLUSION*

The district court properly granted respondent's motion for summary judgment, and denied appellant's motion to amend her complaint. Accordingly, we affirm the judgment entered below.