DESERT CAB INC., DOING BUSINESS UNDER THE FIRM NAME OF DESERT CAB COMPANY AND JAMES EDWARDS, APPELLANTS, v. MARIA MARINO, RESPONDENT.

No. 21377

January 6, 1992                                        823 P.2d 898

---

[3]The Honorable Stephen L. Huffaker, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. 6, § 4.

*Jeffrey R. Albregts,* Las Vegas, for Appellants.

*Denton & Denton, Ltd.,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

## THE FACTS

On October 6, 1986, respondent Maria Marino ("Marino"), a cab driver with Yellow-Checker Cab Company ("Yellow-Checker Cab"), and appellant James Edwards ("Edwards"), a cab driver with appellant Desert Cab Company ("Desert Cab"), parked their cabs at the taxicab stand of the Sundance Hotel and Casino in Las Vegas to await fares. Marino's cab occupied the first position in the line and Edwards occupied the third. As Marino stood alongside her cab conversing with the driver of another taxi, Edwards began verbally harassing her from inside his cab. When Marino approached Edwards to inquire as to the reason for the harassment, he jumped from his cab, grabbed Marino by her neck and shoulders, began choking her, and threw her onto the front of his taxicab. A bystander intervened, pulled Edwards off of Marino and escorted her back to her cab.

Marino sustained injuries that rendered her unable to work for a time. Before she could return to work, Yellow-Checker Cab terminated her. Marino subsequently filed a wrongful termination suit against her former employer.

Edwards was convicted of misdemeanor assault and battery for his attack on Marino.

Marino brought this personal injury action against James Edwards and Desert Cab.[1] At trial, the jury confronted two critical issues: (1) whether Edwards' tortious conduct arose out of the course and scope of his employment with Desert Cab, and, if so, (2) what damages did Marino suffer as a result of this conduct. Concluding that Edwards' tortious conduct arose out of the course and scope of his employment, the jury found Desert Cab liable for Marino's injuries and awarded her $65,000.00 in compensatory damages.

Desert Cab appeals several of the district court's evidentiary rulings.[2] For reasons set forth below, we conclude that the district judge's rulings were not erroneous.

### 1. *The SIIS Hearing Officer's Decision.*

At trial, Marino introduced the written decision of a State Industrial Insurance System ("SIIS") hearing officer awarding

---

[1]Edwards neither answered Marino's complaint nor appeared at the trial. Consequently, the district court entered a default judgment against him on October 5, 1989.

[2]Though listed as an appellant, Edwards raises no issues on this appeal.

Marino industrial compensation for the injuries she sustained as a result of Edwards' attack. The critical prerequisite to this award was a finding by the hearing officer that Marino's injuries arose out of the course and scope of her employment with Yellow-Checker Cab. The written decision contained this finding. Over the objection of Desert Cab, the district court admitted into evidence this decision, deeming it admissible to show that SIIS accepted Marino's claim for industrial compensation. Desert Cab contends that the SIIS hearing officer's decision is irrelevant and therefore should have been excluded from the trial. We agree.

Evidence that is not relevant is not admissible. NRS 48.025. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. NRS 48.015; *e.g.,* Land Resources Dev. v. Kaiser Aetna, 100 Nev. 29, 676 P.2d 235 (1984).

The SIIS decision is not relevant to the issue of Desert Cab's liability for Edwards' attack. The determination of whether Marino's injuries arose out of the course and scope of her employment with Yellow-Checker Cab is separate and distinct from the determination of whether Edwards' tortious conduct arose out of the course and scope of his employment with Desert Cab. Moreover, while the phrase "arising out of the course and scope of employment" has received a liberal interpretation by this court where the issue is entitlement to industrial compensation, Molino v. Asher, 95 Nev. 33, 588 P.2d 1033 (1979); Provenzano v. Long, 64 Nev. 412, 183 P.2d 639 (1947); Nevada Ind. Com. v. Leonard, 58 Nev. 16, 68 P.2d 576 (1937), no similar interpretation has been utilized where the issue is the vicarious liability of an employer for the tortious acts of an employee. Thus, the hearing officer's conclusion with respect to Marino's injuries has no bearing whatsoever upon the issue of Desert Cab's liability.

Though we are convinced that the district court erred by admitting the SIIS decision, we also conclude that this error was harmless. Realizing that the jury might improperly infer from the SIIS decision that Edwards' conduct arose out of the course and scope of his employment, the district court instructed the jury accordingly, emphasizing that the decision was admissible only to show that SIIS had accepted Marino's claim for industrial compensation. In addition, the parties negotiated a pretrial agreement before the trial court whereby Marino agreed not to proffer the

SIIS decision in return for Desert Cab's assurance that it would not introduce evidence of the disciplinary citation Marino received from the Taxicab Authority for "participating in verbal argument" with Edwards prior to the attack. Marino proffered the SIIS decision only after Desert Cab's counsel abrogated this agreement in his opening statement. We are loathe to disturb a jury verdict where the alleged error is seemingly invited by the complaining party. Finally, Desert Cab has failed to show that the error complained of so substantially affected its rights that it could be reasonably assumed that, if not for the alleged error, a different result might reasonably have been expected. El Cortez Hotel, Inc. v. Coburn, 87 Nev. 209, 213, 484 P.2d 1089, 1091 (1971).

### 2. *Edwards' Judgment of Conviction.*

The district court admitted into evidence the judgment of Edwards' misdemeanor assault and battery conviction. The court found this evidence "admissible pursuant to NRS 41.133 and NRS 41.130" to conclusively prove Edwards' civil liability to Marino.[3] Desert Cab argues that the judgment of conviction was irrelevant and should not have been admitted. According to Desert Cab, the critical issue before the jury was whether or not Desert Cab could be held liable for Edwards' tortious attack on Marino. Edwards' liability to Marino, Desert Cab insists, was never an issue at trial.

We are not persuaded by Desert Cab's argument. By the express language of NRS 41.133, Edwards' judgment of conviction provides conclusive evidence of his civil liability to Marino. A finding that Edwards committed a wrongful act by attacking Marino is a prerequisite to imposing liability upon Desert Cab. The judgment of conviction establishes the wrongfulness of Edwards' conduct. Therefore, the judgment is relevant evidence. *See* NRS 48.015.

Desert Cab also contends that any probative value found in

---

[3]NRS 41.133 provides:

> If an offender has been convicted of the crime which resulted in the injury to the victim, the judgment of conviction is conclusive evidence of all facts necessary to impose civil liability for the injury.

NRS 41.130 provides:

> Whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury shall be liable to the person injured for damages; and where the person causing such injury is employed by another person or corporation responsible for his conduct, such person or corporation so responsible shall be liable to the person injured for damages.

Edwards' judgment of conviction pales in comparison to the unfairness this evidence injected into the trial. Admission of the judgment pursuant to NRS 41.133, Desert Cab submits, created an irrebuttable presumption that it was liable to Marino because of Edwards' conviction for assault and battery. For this reason, Desert Cab concludes, the trial court should not have admitted Edwards' judgment of conviction.

We disagree. Edwards' judgment of conviction does not by itself establish Desert Cab's liability to Marino. In order to find Desert Cab liable, Marino still had to satisfy the terms of NRS 41.130 by establishing that Desert Cab was "responsible" for Edwards' conduct. Desert Cab could be found "responsible" only if Marino proved that the attack arose out of the course and scope of Edwards' employment with Desert Cab. Thus, the trial court did not abuse its discretion in finding that the prejudicial effect of Edwards' judgment of conviction did not substantially outweigh its probative value.

### CONCLUSION

We find any error in the trial court's evidentiary rulings to be harmless. Desert Cab's remaining contentions lack merit. Therefore, we affirm the judgment of the district court.

MOWBRAY, C. J., ROSE, STEFFEN and YOUNG, JJ., and CHRISTENSEN, D. J.,[4] concur.