Roberta STROUD, Plaintiff,

v.

James Guy COOK and Rosina
E. Tinsley, Defendants.

James Guy COOK, Cross–Claimant,

v.

Rosina E. TINSLEY, Cross–Defendant.

No. CV–N–93–0830–ECR.

United States District Court,
D. Nevada.

July 15, 1996.

734

Eric G. Easterly, Easterly & Armstrong, Elko, Nevada, for Plaintiff.

N. Patrick Flanagan, III, Beckley, Singleton, Jemison & List, Reno, Nevada, for Defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Presently before the court for decision is defendant James Cook's Motion in Limine (Doc. # 60). Cook seeks to exclude from evidence the judgment of conviction entered against him on June 30, 1993 in the Eureka, Nevada Justice Court for violation of Nev. Rev.Stat. § 484.363.

This action arises out of the collision between the motor vehicles driven by Plaintiff Stroud and Defendant Cook, and the subsequent, and allegedly resultant, secondary collision between the plaintiff's automobile and the automobile driven by Defendant and Cross–Defendant Tinsley. The accident occurred on June 30, 1993, at the intersection of U.S. Highway 50 and State Route 278, near Eureka, Nevada. Defendant James Guy Cook was cited by an officer of the Nevada Highway Patrol for failing to use due care in the operation of his motor vehicle immediately prior to the accident, in violation of Nev.Rev.Stat. § 484.363. Cook was adjudged guilty of the violation, and fined $35. Judgment of Conviction, appended as Ex. 3 to Plaintiff's Opposition to Motion in Limine (Doc. # 62).

Section 484.363 is a criminal statute punishing the failure to use due care in the operation of a motor vehicle. Plaintiff Stroud seeks to introduce the judgment of conviction as evidence of defendant Cook's negligence on the occasion of the motor vehicle accident from which this action arises. The court previously had occasion to rule on the effect of that judgment on this civil action. Plaintiff Stroud moved for summary judgment on the issue of defendant Cook's liability for Stroud's injuries resulting from the June 30, 1993 motor vehicle accident. Stroud argued that under Nev.Rev.Stat. § 41.133, Cook's conviction for violating Section 484.363 should operate to establish Cook's civil liability as a matter of law.

Judge Hagen ruled otherwise. Although the judgment of conviction would be admitted in evidence, that judgment would constitute only *prima facie* evidence of the facts necessary to sustain that conviction, i.e. the former judgment of the Eureka Justice Court would serve as establishing the fact of Cook's negligence, subject to rebuttal evidence. Order dated February 3, 1995 (Doc. # 35).[1]

Ordinarily, questions respecting the admissibility of evidence in this court would be resolved purely by reference to federal law.[2] The Federal Rules of Evidence apply generally to questions of admissibility in the

---

1. In her summary judgment motion (Doc. # 17) Stroud cited *Desert Cab Co. v. Marino*, 108 Nev. 32, 823 P.2d 898 (1992) as authority for the proposition that Cook's traffic conviction should constitute "conclusive evidence" of his liability to her for her injuries. But in *Desert Cab*, the conviction being offered as "conclusive evidence" under Section 41.133 was for assault and battery, an intentional, violent person crime. Moreover, the Nevada Supreme Court in *Desert Cab* ruled only that the prior misdemeanor conviction "establishe[d] the wrongfulness of [the person's] conduct." 823 P.2d at 900–901. The court stopped short of finding liability to be established as a matter of law. In the present action, Cook was convicted of a traffic violation and fined $35. The distinction between an as-

sault and battery conviction and a relatively minor traffic violation militates against the treatment of the latter as "conclusive" proof in a subsequent civil action. *See, e.g., Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir.1994) (ruling prior conviction for resisting arrest of "sufficiently serious import" to merit treatment as prima facie evidence of facts upon which conviction rests).

2. There are exceptions. Federal diversity courts must give effect to the forum state's law regarding presumptions, privileges, and the competency of witnesses so far as it affects proof of an element of a claim or defense as to which state law will provide the rule of decision. Fed. R.Evid. 302; Fed.R.Evid. 501; Fed.R.Evid. 601.

federal courts. Fed.R.Evid. 101. In adopting the federal evidence rules Congress has exercised its plenary authority over evidentiary rules for the federal courts. *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976); *see* 28 U.S.C. § 2072.

Plaintiff Stroud proposes to introduce in evidence a certified copy of the judgment of conviction entered by the Eureka Justice Court against Defendant Cook for failure to use due care in the operation of a motor vehicle. Defendant seeks to exclude the judgment from evidence. The court must decide whether such evidence is admissible under the federal rules.

■ Without question a judicial document such as a judgment is hearsay within the meaning of the federal evidence rules: It is a statement, made outside the proceedings in which it is offered in evidence, offered to prove the truth of the matter asserted therein, namely, that Defendant Cook did in fact fail to use due care while operating his motor vehicle on the occasion in question. Fed. R.Evid. 801; *see United States v. Abascal,* 564 F.2d 821 (9th Cir.), *cert. denied,* 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538 (1977). The *federal evidence rules* exempt from the operation of the hearsay rule a judgment of a felony conviction. Fed.R.Evid. 803(22). Here, however, Plaintiff's Cook's conviction under Nev.Rev.Stat. § 484.363 was for a misdemeanor, not a felony. As hearsay, then, the judgment is excluded from evidence under the hearsay rule. Fed.R.Evid. 802. Unless some other hearsay exception applies, the judgment is inadmissible under the Federal Rules of Evidence.

The only other hearsay exception even arguably applicable to the judgment of conviction is the exception for "public records" under Fed.R.Evid. 803(8). Under Rule 803(8), documentary evidence otherwise excludable as hearsay is admissible when it takes the form of a record, report or statement by a public office or agency setting forth the activities of that office or agency. Fed.R.Evid. 803(8)(A). A judgment of conviction does "set forth the activities" of the court issuing the judgment to the extent that it memorializes the conviction, in the issuing court, of the defendant for the crime indicated on the judgment.

The drafters of the federal evidence rules plainly considered a felony conviction reliable enough to be admitted in evidence, and to that end crafted a specific hearsay exception for records of felony convictions. Fed. R.Evid. 803(22). On the other hand, the drafters appear to have deemed misdemeanor convictions too insubstantial to justify their admission in evidence in subsequent litigation: "Practical considerations require exclusion of convictions of minor offenses, not because the administration of justice in its lower echelons must be inferior, but because motivation to defend at this level is often minimal or nonexistent. . . . Hence the rule includes only convictions of felony grade, measured by federal standards." Fed. R.Evid. 803 advisory committee's note.

At common law a judgment in a prior case was generally inadmissible. John H. Wigmore, *Wigmore on Evidence* § 1671a (James H. Chadbourn rev. 1974); 1 John W. Strong, ed., *McCormick on Evidence* § 298 (4th ed.1992); 4 Jack B Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 803(22)[01] (1993) (*all cited in Nipper v. Snipes,* 7 F.3d 415, 417 (4th Cir.1993)). The drafters of the federal evidence rules saw fit to create an exception to the hearsay rule for *felony* convictions, but created no such exception for *misdemeanor* convictions. The advisory committee notes to the "public records" exception, Fed.R.Evid. 803(8), contain no reference whatever to judicial records, but refer exclusively to the activities of executive agencies and offices.

On the other hand, the United States Court of Appeals for the Ninth Circuit, whose decisions bind this court, has several times flatly stated that misdemeanor convictions are admissible in evidence under the "public records" exception to the hearsay rule. *United States v. Loera,* 923 F.2d 725, 730 (9th Cir.1991); *United States v. Wilson,* 690 F.2d 1267, 1275 n. 2 (9th Cir.1982), *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983). In *Loera,* a defendant in a federal criminal prosecution objected on hearsay grounds to the admission of certified copies of docket entries of the defendant's

misdemeanor convictions in a California justice court. The Court of Appeals acknowledged that Evidence Rule 803(22) (the felony-convictions exception) did not apply, but reasoned that because the judicial employees who created the docket entries "had no stake in the outcome of individual cases," because nothing in the record revealed any motivation by the declarant docket clerk to misrepresent matters of fact contained in the documents, and because the preparation of the subject documents was a "routine, non-adversarial act made in a non-adversarial setting," that the "public records" exception applied to exempt the docket entries from the hearsay rule. *United States v. Loera*, 923 F.2d at 730.

■ The foregoing appellate authority thus appears to foreclose debate on this matter. In this circuit, judgments of misdemeanor convictions are admissible under the "public records" exception to the hearsay rule. Fed.R.Evid. 803(8); *United States v. Loera, id. Compare, e.g., Yaich v. United States,* 283 F.2d 613, 616 (9th Cir.1960) (ruling Interpol conviction record inadmissible on ground that proponent provided no evidence that person who signed "rap sheet" had firsthand knowledge of the convictions); *United States v. Kong Yin,* 935 F.2d 990, 999 (8th Cir.1991) (same).

Even absent federal decisional authority for the proposition that misdemeanor convictions are admissible under Rule 803's "public records" exception, the existence of a Nevada statute which not only authorizes admission of a prior criminal conviction in a subsequent related civil action, but indeed appears to compel the admission of such prior criminal conviction, counsels in favor of admission of Stroud's conviction for failure to use due care in the operation of a motor vehicle on the occasion of the collision between her automobile and that of defendant Cook.

■ This is a diversity case, in which this court's jurisdiction over the subject matter of this action depends on the citizenship of the parties. 28 U.S.C. § 1332. In a diversity

case, generally a federal court will apply the substantive law of the forum state—in this case Nevada—and the procedural rules established for the federal courts by the United States Supreme Court, including the rules of civil procedure and the federal evidence rules. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The task of the district court exercising its diversity jurisdiction is to approximate state law as closely as possible in order to ensure that no disadvantage accrues to a litigant merely by virtue of the federal forum. *Gee v. Tenneco, Inc.,* 615 F.2d 857 (9th Cir.1980).

■ Rules of evidence are at least nominally rules which govern matter of procedure, rather than rules which allocate "substantive rights." The federal evidence rules, enacted by Congress, are without question valid under the terms of the Rules Enabling Act, 28 U.S.C. § 2072, and are therefore presumptively applicable in all trials in federal court. In a diversity case, a state rule of evidence which conflicts with an otherwise applicable federal evidence rule will be of no effect whatsoever. On the other hand, some state statutes or rules, which superficially resemble rules of evidence, may be considered expressions of substantive public policy, and therefore cannot constitutionally be subordinated to a conflicting federal rule in a diversity case. 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5201, at 233 (1978). State rules regarding presumptions or affecting the burdens of proof are generally considered substantive, and must therefore be given effect by a federal diversity court. *Johnston v. Pierce Packing Co.,* 550 F.2d 474, 476 n. 1 (9th Cir, 1977) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

In the present situation, the relevant Nevada statute, Nev.Rev.Stat. § 41.133,[3] appears to require the admission in evidence of Plaintiff Stroud's conviction under Nev.Rev. Stat. § 484.363 for failing to use due care in

---

**3.** The statute provides

   If an offender has been convicted of the crime which resulted in the injury to the victim, the judgment of conviction is conclusive evidence

of all facts necessary to impose civil liability for the injury

Nev.Rev.Stat. § 41.133 (Michie 1986).

the operation of a motor vehicle. Failure to use due care—which has been proved beyond a reasonable doubt in the criminal case—is an element of Plaintiff Stroud's claim of negligence. The judgment of conviction, therefore, is highly relevant to the negligence claim.[4] *Desert Cab Co. v. Marino,* 108 Nev. 32, 823 P.2d 898 (1992), and, under the law of the case as established by the previous Order of the court dated February 3, 1995 (Doc. # 35), effectively shifts the burden of proof with respect to Roberta Stroud's negligence claim against James Cook. *See* Federal Evidence Rule 302 (requiring federal diversity court to apply state law presumptions affecting burden of proof on state law claims).

The two decisions of the Ninth Circuit Court of Appeals, cited above, may be sufficient to establish the admissibility of the contested evidence under the "public records" exception to the hearsay rule. On the other hand, the statement in *Wilson* is pure *obiter dicta:* The defendant had waived his hearsay objections to the admission of his prior misdemeanor convictions at trial, and thus his assignment of the trial court's overruling of those hearsay objections as error was not properly before the appellate court. The *Wilson* court's statement, in a footnote, that it would nonetheless have ruled the admission of the convictions proper, is therefore of comparatively little precedential weight. The *Loera* court, in turn, relied on the *Wilson* footnote for its holding that docket entries of past misdemeanor convictions were admissible under Fed.R.Evid. 803(8). No other Ninth Circuit panel has yet followed the ruling of the *Loera* court.

The opposite ruling of the Court of Appeals for the Fourth Circuit in *Nipper, supra,* was, by contrast, grounded in its careful reading of the advisory committee notes to and the legislative history of the federal evidence rules. The logic of the *Nipper* court's *expressio unius, exclusio alterius* argument

with respect to the special hearsay exception for felony convictions, and the corresponding absence of any such exception for past misdemeanor convictions, appears to this court unassailable. The drafters of the federal evidence rules plainly were capable of carving out exceptions to the hearsay rule for judicial documents. They did so for felonies, and declined to do so for misdemeanors. The Fourth Circuit in *Nipper* thereby advanced a powerful argument for the exclusion of past misdemeanor convictions under the Federal Rules of Evidence.

But a federal diversity court must apply the substantive law of the forum state. Federal Rules of Decision Act, 28 U.S.C. § 1652. The issue, then, is whether Nev.Rev.Stat. § 41.133 constitutes a "substantive" rule for the purposes of *Erie v. Tompkins.* Section 41.133 appears to compel the admission in evidence of a prior criminal conviction in a subsequent civil action arising out of the conduct which resulted in the conviction; indeed, the statute implies not only that the prior conviction is admissible, it commands that the conviction be treated as conclusive proof of the facts needed to impose civil liability for the injury. Section 41.133 is not part of Nevada's evidence code; the statute appears in a chapter limiting liability of certain persons and preserving causes of action for other persons.

■ Even to the extent that, under the law of the case as established in the earlier Order of this court, Cook's conviction for failure to use due care in the operation of the motor vehicle will constitute only prima facie evidence of negligence for the purposes of Stroud's civil claim,[5] Section 41.133 substantially alters the burden of proof, and hence constitutes a substantive expression of state policy. The state statute involved here essentially creates a presumption that a person convicted of a crime which resulted in injury is civilly liable to the injured person.

**4.** In her points and authorities in opposition to the motion in limine, plaintiff Stroud has made no claim that defendant Cook is collaterally estopped by virtue of the traffic conviction from litigating the issues of breach and duty; plaintiff seeks to introduce judgment only as evidence. *See* earlier Order entered in this action by United States District Judge Hagen (Doc. # 35) (constru-

ing Section 41.133, on the basis of the relevant legislative history, as permitting a prior criminal conviction to operate as prima facie evidence of the facts necessary to impose civil liability for the injury caused by the commission of the crime).

**5.** *See supra* note 4.

■ Where there exists a conflict between a federal procedural rule, such as a rule of evidence, and a substantive state rule, a federal court, sitting in diversity, must apply the substantive state rule. Where a state statute such as Section 41.133 is intimately bound up with the rights and obligations being asserted, the doctrine of *Erie v. Tompkins* mandates the application of the state rule in a diversity case. *Wray v. Gregory,* 61 F.3d 1414, 1417 (9th Cir.1995). The Nevada statute's effect on the primary rights at issue in this litigation therefore compels its treatment as a rule of substantive law, rather than as a rule of procedure. *Johnston v. Pierce Packing Co.,* 550 F.2d 474, 476 n. 1 (9th Cir, 1977). In furtherance of *Erie*'s policy favoring the application of substantive state rules in diversity cases so as to discourage forum-shopping and to avoid the inequitable administration of the laws between state courts and federal diversity courts, the judgment of Cook's traffic misdemeanor conviction must be given the effect intended by the Nevada legislature. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

In sum, therefore, the court must conclude that the certified copy of the judgment of Defendant Cook's misdemeanor traffic conviction on the occasion of the accident in question should be admitted in evidence. The result is the same either under the conclusions of the Ninth Circuit that such convictions fall within the "public records" exception to the federal hearsay rule, or under the command of the *Erie* doctrine, as codified in the Rules of Decision Act, that state rules affecting substantive rights be applied in a federal diversity action.

For the foregoing reasons, *IT IS THEREFORE ORDERED* that Defendant Cook's Motion in Limine (Doc. # 60) is *HEREBY DENIED*.