HELMUT KORNTON, Appellant, *v.* CONRAD, INC., a Nevada Corporation, Respondent.

No. 36501

April 28, 2003

67 P.3d 316

*Thomas A. Vallas,* Reno, for Appellant.

*Lauria Tokunaga & Gates, LLP,* and *Raymond R. Gates,* Sacramento, California, for Respondent.

---

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION

*Per Curiam:*

Appellant Helmut Kornton was severely injured by an automobile driven by Marcelino Camacho. Camacho, who was killed in the accident, was driving to work when the accident occurred. Kornton sued, among others, Conrad, Inc., Camacho's employer at the time of the accident, under a theory of respondeat superior liability. The district court granted Conrad's motion for summary judgment, determining as a matter of law that Conrad was not vicariously liable for Camacho's negligent operation of his motor vehicle. We agree.

### FACTS

The facts are undisputed. On January 3, 1997, Kornton was driving northbound on U.S. Highway 395, while Camacho slid toward him in the center, northbound lane at a high rate of speed. The two vehicles collided and Camacho was killed. Kornton sustained severe and permanent injuries. Camacho was driving his personal vehicle from home to a job location where he was told to report for the day. At the time, Camacho was employed by Conrad as an hourly apprentice plasterer and worked on a field crew. The field crew did not have a fixed reporting location; rather, a foreman notified his crew where to report each day. Camacho's crew members were required to arrive at the job site fifteen minutes prior to their scheduled start time and were not compensated for travel.

## DISCUSSION

Summary judgment is reviewed de novo[1] and is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[2]

Generally, the trier of fact determines "whether an employee was acting within the scope of his or her employment" when the tortious act occurred.[3] Issues of respondeat superior liability, however, may be resolved as a matter of law when evidence of an employee's status at the time of the incident is undisputed.[4] "The tortious conduct of an employee in transit to or from the place of employment will not expose the employer to liability, unless there is a special errand which requires driving."[5] "This is known as the 'going and coming' rule."[6]

In *National Convenience Stores v. Fantauzzi*,[7] an employee was involved in an accident while traveling to one of his employer's stores to obtain shelf measurements on his day off. The employee had broad discretion to work past his normal hours to measure shelving, and the task was to benefit his employer. We held there was sufficient evidence for a jury to conclude the accident occurred during a special errand for the employer.

This case is distinguishable. Camacho was not performing a service within the scope of his employment for Conrad at the time of the accident, but was merely commuting to a job site from home in his private vehicle. Due to the nature of his work, Camacho reported to different job sites depending on the location of Conrad's projects. He was an hourly employee who received compensation only for actual time worked and did not receive reimbursement for travel expenses. In addition, Conrad did not exercise control over Camacho or receive a benefit by having Camacho transport a

---

[1]*GES, Inc. v. Corbitt,* 117 Nev. 265, 268, 21 P.3d 11, 13 (2001) (citing *Caughlin Homeowners Ass'n v. Caughlin Club,* 109 Nev. 264, 266, 849 P.2d 310, 311 (1993)).

[2]*Id.* (citing NRCP 56).

[3]*Evans v. Southwest Gas,* 108 Nev. 1002, 1005, 842 P.2d 719, 721 (1992) (citing *National Convenience Stores v. Fantauzzi,* 94 Nev. 655, 659, 584 P.2d 689, 692 (1978)), *overruled on other grounds by GES, Inc.,* 117 Nev. at 268 n.6, 21 P.3d at 13 n.6.

[4]*Id.* (citing *Molino v. Asher,* 96 Nev. 814, 818, 618 P.2d 878, 880 (1980)).

[5]*Molino,* 96 Nev. at 817, 618 P.2d at 879-80 (citing *National Convenience Stores,* 94 Nev. at 658, 584 P.2d at 691).

[6]*National Convenience Stores,* 94 Nev. at 658, 584 P.2d at 691 (quoting *Short v. United States,* 245 F. Supp. 591, 593 (D. Del. 1965)).

[7]*Id.* at 658, 584 P.2d at 692.

company-issued plasterer's trowel to and from his job each workday. Keeping the trowel with him instead of leaving it at a job site was a commonsense practicality due to the transient nature of Camacho's job location.

## CONCLUSION

Since Camacho was not acting within the scope of his employment, we conclude Conrad is not vicariously liable for Camacho's actions. We therefore affirm the district court's summary judgment.