Arthur W. BELL, IV, Plaintiff—
Appellant,

v.

Geraldine HARGE; Jerry Hill; Brian Eugene Lepley; Nye County School District, Defendants—Appellees.

No. 02–15933.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 21, 2003.

John R. Hawley, Esq., John R. Hawley, Ltd., Henderson, NV, for Plaintiff–Appellant.

Paul J. Anderson, Esq., Walther, Key, Maupin, Oats, Cox, Klaich & LeGoy, Reno, NV, for Defendants-Appellees.

Before: CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Plaintiff Arthur Bell appeals from the district court's grant of summary judgment in favor of defendants Geraldine Harge, Jerry Hill, and the Nye County school district. Bell's discrimination claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and his state-law claim for negligent hiring arose out of allegations of improper sexual conduct by Brian Lepley, a substitute teacher, toward Bell, a student at the time. After reviewing *de novo* the district court's grant of summary judgment, *see Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), we reverse in part and affirm in part.

### I.

To succeed in his Title IX claim, Bell must demonstrate that a school official with the authority to institute corrective measures on the school district's behalf (1) had actual notice of the alleged discrimination and (2) responded to that knowledge with deliberate indifference. *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 292, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1989). It is undisputed that the school district did not know of Lepley's actions until Mary White reported to Hill that she had received information about inappropriate conduct between Lepley and some stu-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dents. The question is when this conversation between White and Hill took place.

White was told of Lepley's inappropriate conduct during a Saturday computer class that she taught at a community college. She stated that this disclosure occurred one week before Lepley was arrested. Lepley was arrested on May 28, 1997. White stated that she reported the incident to Hill on the Monday following that Saturday class. May 19 was a Monday, but White was reported as absent from school that day. Hill stated that White told him about Lepley's conduct on Wednesday, May 21, 1997. He reported the matter to the sheriff's department on May 27.

The depositions of Ben Potter and Dan Simmons, however, indicate that White's community college class ended two or three weeks early that semester. If this evidence were credited by the trier of fact, and the last two or three scheduled Saturday classes were found to have been canceled, then the last Saturday that White could have held class would have been either Saturday, May 10, 1997 or Saturday, May 3, 1997. If White reported the information about Lepley on the following Monday, as she stated, then Hill was informed on either Monday, May 12 or Monday, May 5, 1997.

■ Viewing this evidence, as we must, in the light most favorable to the nonmoving party, see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), we conclude that a genuine issue of material fact exists as to when the school district had actual notice of Lepley's misconduct. If the trier of fact should find that notice was given as early as Bell contends, then a triable issue of deliberate indifference would be presented. We therefore reverse the district court's grant of summary judgment on the Title IX claim and remand for further proceedings.[1]

## II.

■ Under Nevada law, "[t]he tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Burnett v. C.B.A. Sec. Serv. Inc.*, 107 Nev. 787, 820 P.2d 750, 752 (Nev. 1991) (citation omitted). Here, in compliance with that duty, the school district forwarded Lepley's fingerprints to the Nevada Highway Patrol's central repository for a criminal history check and hired him only after that check returned no disqualifying information. Apparently the criminal history check did not include a submission of Lepley's fingerprints to the Federal Bureau of Investigation because a prior out-of-state conviction of Lepley for lewd conduct was not discovered. The governing Nevada statute, however, imposes on the Highway Patrol's central repository the duty to submit fingerprints to the FBI if the search of its own records turns up no information. *See* N.R.S. § 179A.210(3). The school district was entitled to rely on the Nevada Highway Patrol's fulfillment of its statutory responsibilities. We accordingly affirm the district court's grant of summary judgment on the negligent hiring claim.

1. The individual defendants assert in a footnote in their brief that Title IX does not afford a damages remedy against individuals who are not recipients of federal assistance. *See Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740–41 (9th Cir.2000) (finding it unnecessary to decide whether Title IX claims can be brought against individual officials). The district court did not reach this question, however, and we leave it for determination by that court in the first instance, should decision on the point become necessary or appropriate.

Each party will bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**