**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO DOYLE, | No. 08-17048 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00594-BES-RAM |
| v. | |
| HOWARD SKOLNIK; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Nevada state prisoner Antonio Doyle appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his federal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LSS/Research

due process rights and of state law in connection with his placement on an alternative meal program for three days. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal under 28 U.S.C. § 1915A, *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003), and for an abuse of discretion the district court's denial of the motion to reconsider, *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We may affirm on any ground supported by the record. *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796 (9th Cir. 2001). We affirm.

The district court properly screened Doyle's action under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a) (requiring screening of complaints in civil actions "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity").

Doyle has failed to state a viable procedural due process claim because he has not alleged a deprivation that imposed an "atypical and significant hardship" on him in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The district court properly dismissed Doyle's claims of negligence and intentional infliction of emotional distress because he has not stated viable claims under Nevada law. *See Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172,

1175 (Nev. 2008) (setting forth elements of a negligence claim); *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (discussing requirements of a claim for intentional infliction of emotional distress).  Moreover, because Doyle has alleged no viable claims of tortious conduct against any subordinate, he has not stated a viable claim of respondeat superior.  *See Kornton v. Conrad, Inc.*, 67 P.3d 316, 317 (Nev. 2003) (per curiam).

The district court did not abuse its discretion in denying Doyle's motion for reconsideration because he did not identify any grounds which would justify relief from judgment.  *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (setting forth grounds for reconsideration).

We decline to consider whether the district judge should have recused himself because Doyle has not shown either good cause why he did not file an affidavit seeking recusal under 28 U.S.C. § 144 or exceptional circumstances why we should consider this contention for the first time on appeal.  *See Weiss v. Sheet Metal Workers Local No. 544 Pension Trust*, 719 F.2d 302, 304 (9th Cir. 1983) (per curiam).

Doyle's remaining contentions are unpersuasive.

**AFFIRMED.**