# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN FERNANDEZ,
Appellant,
vs.
JARED MATTHEW FERNANDEZ A/K/A
JARED MATTHEW TILLEY,
Respondent.

No. 61686

FILED

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order granting a motion to dismiss in a tort action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant contends that the district court erred in concluding that respondent's statements to the Psychological Review Panel were absolutely privileged. We disagree. It cannot reasonably be disputed that respondent's statements before the Parole Board were absolutely privileged. *See Knox v. Dick*, 99 Nev. 514, 517-18, 665 P.2d 267, 270 (1983) (recognizing that statements made before a quasi-judicial body are absolutely privileged); *Witherow v. State, Bd. of Parole Comm'rs*, 123 Nev. 305, 312, 167 P.3d 408, 412 (2007) (concluding that a hearing before the Parole Board is a quasi-judicial proceeding). And because respondent's statements to the Psychological Review Panel were made in contemplation of the Parole Board hearing, those statements were likewise absolutely privileged.[1] *See* Restatement (Second) of Torts § 588 cmt. e (1977)

---

[1]Appellant's reliance on *Stockmeier v. Nevada Department of Corrections Psychological Review Panel*, 122 Nev. 385, 135 P.3d 220

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37648

(recognizing that the absolute privilege afforded to statements made in judicial proceedings extends to "communications preliminary to a proposed judicial proceeding . . . when the communication has some relation to a proceeding that is actually contemplated"); *Richards v. Conklin*, 94 Nev. 84, 85, 575 P.2d 588, 589 (1978) (recognizing this rule in the context of a letter written by an attorney in anticipation of judicial proceedings); *cf. Pope v. Motel 6*, 121 Nev. 307, 316-17, 114 P.3d 277, 283 (2005) (recognizing the rule but declining to apply it when the statements were not made in contemplation of judicial proceedings).

Because the only identified statements[2] in appellant's first amended complaint were absolutely privileged, the district court properly granted respondent's motion to dismiss. Moreover, the district court properly denied appellant's motion to amend his complaint. The primary allegation that appellant sought to add was that respondent made the same allegedly defamatory statements to a Panel member immediately after the Panel hearing had concluded. Appellant's first amended

---

*...continued*
(2006), is misplaced. In *Stockmeier*, this court addressed the discrete issue of whether hearings before the Psychological Review Panel are quasi-judicial proceedings for purposes of exempting those proceedings from Nevada's Open Meeting Law. *Id.* at 387, 135 P.3d at 221. That case did not present a question regarding the extent of any privilege that should be afforded to statements made in those proceedings.

[2]Appellant suggests that statements contained in letters written to the Panel and the Board should be treated differently for privilege purposes than when those same statements are spoken directly to the Panel and the Board. To the extent that appellant has developed this argument, we are not persuaded by it. *Cf. Richards*, 94 Nev. at 85, 575 P.2d at 589 (recognizing that statements contained in letters may be absolutely privileged).

complaint acknowledged that he was present at the hearing where the alleged post-hearing statements were made. Thus, given that appellant sought to add this new allegation only after receiving respondent's motion to dismiss, and given the implausibility that respondent would simply repeat his statements to a Panel member who had just heard those same statements, the district court was well within its discretion to deny appellant's motion to amend. *Burnett v. C.B.A. Sec. Serv., Inc.*, 107 Nev. 787, 789, 820 P.2d 750, 752 (1991) (recognizing that the district court has discretion in ruling on a motion to amend a complaint and that delay, bad faith, and dilatory motive are valid reasons for such a denial). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. James Todd Russell, District Judge
Kevin Lynn Fernandez
Robert W. Lueck, Esq.
Carson City Clerk

---

[3]We have considered appellant's remaining arguments and conclude that they do not warrant reversal of the challenged orders. Appellant's motion for leave to file a reply to respondent's response is granted. Accordingly, we direct the clerk of this court to file appellant's reply that was provisionally received in this court on October 29, 2014. We have considered the reply in resolving this appeal.